WEBB *et al.* v. CITY OF ATLANTA *et al.*

No. 12882.   JULY 14, 1939.   REHEARING DENIED JULY 27, 1939.

*Jackson & Garner,* for plaintiffs.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy,* and *E. L. Sterne,* for defendants.

JENKINS, Justice. 1. Under the decision in *Webb* v. *Atlanta*, 186 *Ga.* 430 (198 S. E. 50), involving the same parties, all of the contentions of the plaintiffs in error as to the invalidity of the paving contract and assessment made by the City of Atlanta and the quality of the work, for which paving notes were given and executions were issued, are directly precluded against the petitioners, except two contentions embodied in their present petition for injunction and not included in their former petition. The first

contention is that at the time the paving contract and assessment were made, one of the city councilmen was a stockholder in the paving company, and another councilman was interested in the performance bond given by the paving contractor. This contention, as was true in the former case, is precluded under the act of 1925 (Ga. L. 1925, p. 839), providing that all contracts which previously have been entered into by the City of Atlanta under the act of 1919 (Ga. L. 1919, p. 821) for public improvements, where the work has been accepted by the city, are confirmed and "declared legally binding."

(a) The second contention of the petitioners for injunction, in addition to their contention that the original paving contract and assessment were illegal, is that the acceptance of the inferior and defective paving was fraudulent, that consequently the paving executions were illegal, and that the giving of the paving notes by the petitioners or their predecessors in title, in ignorance of any such fraud until a short time before the filing of the petition, did not preclude them from making this contention. The original contract and assessment, under the preceding ruling, not being subject to be set aside by reason of their own alleged invalidity, it was necessary to allege sufficient additional facts to show fraud in the acceptance by the city of the paving. There are no such averments of fact, independently of the alleged invalid transactions themselves, alleged fraudulent intent and motive, and mere legal conclusions.

(b) "It is a well-settled rule that a party who is entitled to rescind a contract on account of fraud or false representation, when he has full knowledge of all the material circumstances of the case, if he freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and though originally impeachable, the contract becomes unimpeachable even in equity;" and that it is incumbent upon a party who attempts to rescind a contract for fraud to repudiate it promptly on discovery of the fraud. *Hunt* v. *Hardwick*, 68 *Ga.* 100 (3, a), 103; *Pearce* v. *Borg Chewing-Gum Co.*, 111 *Ga.* 847 (36 S. E. 457); *Smith* v. *Estey Organ Co.*, 100 *Ga.* 628 (28 S. E. 392); *Fowler* v. *Britt-Carson Shoe Co.*, 137 *Ga.* 40, 42 (72 S. E. 407); *Tuttle* v. *Stovall*, 134 *Ga.* 325, 328 (67 S. E. 806, 20 Ann. Cas. 168). The petition

alleges that the paving contract and assessment were made in 1924; that the paving contractor's statutory five-year period of guaranty expired in 1929; that paving notes were signed by the petitioners or their predecessor in title "after the resolution accepting the paving as done under the aforesaid illegal contract was adopted November 3, 1924;" that the patent paving defects, in connection with which the alleged fraud occurred, developed "long before the 5-year period required under the law that said paving should hold up;" and that petitioners and their predecessors in title "have paid 8/10 and 7/10 respectively of the assessed cost of said paving." Since the instalment payments by the petitioners under the charter were 1/10 in cash and the balance in 9 notes, maturing annually, since the palpable defects in the paving arose "long before" 1929, and since the petitioners thereafter made payments of annual notes or instalments before their protest that they had paid enough, they are precluded by such payments and by their delay from now attacking the acceptance of the paving as fraudulent. For this additional reason, the second contention of the petitioners as to such alleged fraud shows no ground of equitable relief.

2. Under the preceding rulings, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*