### 51298. HIGGINBOTHAM et al. v. HARDEN.

WEBB, Judge.

Glen Harden was an officer with the City of Dublin police department until his suspension on April 4, 1969 and dismissal on May 23 thereafter. He brought an action against the city, Travis Higginbotham who was city manager, and T. J. McMurrain who was police chief, seeking recovery of alleged loss of earnings and punitive damages. He charged primarily that his dismissal was wilful and wanton, and was the result of a conspiracy on the part of Higginbotham and McMurrain that not only terminated his job but deprived him of gainful employment in the Dublin area. Judgment for Harden

issued on this verdict: "We the jury find in favor of the Plaintiff, Glen Harden for loss of back pay $2,500.00. We find that there was a conspiracy and we set the amount of damages at $7,500.00." The city had been dismissed on its motion. Higginbotham and McMurrain appeal, alleging among other things error on the part of the trial court in not directing a verdict for defendants at the close of the evidence. We reverse.

1. Harden concedes that McMurrain as police chief and Higginbotham as city manager had the absolute right to hire and fire him, without cause or justification, but he argues that the issue is whether they exercised this authority in a responsible manner or in a wilful and wanton manner. Even if McMurrain and Higginbotham, either separately or in concert, had discharged Harden, there would be no basis for this action. They had the authority to fire him. A conspiracy, although wrongful in motive, to effect what one has a legal right to accomplish is not actionable. "Where damage results from an act, which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy." *Rhodes v. Levitz Furniture Co.,* 136 Ga. App. 514; *Lambert v. Ga. Power Co.,* 181 Ga. 624 (183 SE 814).

2. Harden claimed that he was unable to obtain gainful employment within the Dublin area because of McMurrain's and Higginbotham's failure to recommend him. The right of enjoyment of private property (and employment is private property) being absolute, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie. Code § 105-1401. And where parties conspire, the act of one is the act of all. *Wall v. Wall,* 176 Ga. 757 (4) (168 SE 893).

Harden applied for a job at Uniroyal, and testified he was hired "subject to a recommendation from Mr. Higginbotham," and didn't get the job. There was no evidence that Higginbotham said or did anything to interfere with Harden's efforts. On the contrary, the industrial relations manager of Uniroyal testified that Higginbotham gave Harden a good recommendation, and that if he, the industrial relations manager, had had an opening and had need for a man of Harden's background,

he would have hired him. Harden said he applied to Mohasco Corporation, and didn't get a job, but the industrial relations manager of that company testified that Higginbotham answered all questions favorably to Harden. He introduced no evidence that Higginbotham and McMurrain, either separately or together kept him from getting a job.

We hold that the trial court erred in not granting the motions for directed verdict for both appellants, and we direct that judgment be entered in accordance with the motions. CPA § 50 (c) (Code Ann. § 81A-150 (c)).

*Judgment reversed with direction. Bell, C. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED DECEMBER 3, 1975 — REHEARING DENIED DECEMBER 19, 1975.

*B. B. Hayes,* for appellants.
*Maurice Byers,* for appellee.