53855. WOODALL v. BEAUCHAMP et al.

MARSHALL, Judge.

Appellant Woodall brings this appeal from the grant of summary judgment in favor of appellee Beauchamp. The facts reflect that a group of five men, including Woodall and Beauchamp, formed a corporation to operate a night club in Albany. In order to obtain operating expenses, two notes were signed by the corporation totaling approximately $40,000. Each of the corporate stockholders, including Woodall and Beauchamp, signed the notes as guarantors. As the corporation was originally organized, Beauchamp and another, named Taylor, were the majority stockholders and principal officers. Woodall was a minority stockholder. Pursuant to an agreement to purchase and sell, Beauchamp and Taylor sold their interests in the business to Woodall, making him the majority stockholder. In addition to a cash payment, Woodall, as a part of the purchase price, executed a written indemnity agreement releasing Beauchamp and Taylor from the obligation of guaranty on the two notes. Subsequently, the notes came in default and judgment was rendered

against all the guarantors for the existing obligation remaining upon the two notes. This judgment is not in issue in this case.

Beauchamp brought a third-party cross claim against Woodall based upon the agreement of indemnity. In turn, Woodall brought a cross claim against Beauchamp, denying liability on the indemnity agreement and alleging that the agreement was executed based upon materially false representations by Beauchamp as to the solvency of the corporation, including both the debts owed by the corporation and the amount of income. Woodall admitted the execution of the indemnity agreement. There was a dispute as to whether Beauchamp had made any false representations or whether Woodall had negligently failed to make a proper investigation into the financial condition of the corporation. The trial judge granted summary judgments in favor of Beauchamp, and entered a monetary judgment in the amount of the indebtedness. It is from these rulings of the trial judge that the appeal emanates and to which the enumerations of error relate. *Held:*

1. We do not need to consider Woodall's contentions relating to whether a jury question was raised by the dispute over fraudulent representations or the absence thereof; or a second contention by Beauchamp, that, assuming such fraudulent representations were made, Woodall cannot complain thereof, because of his negligence in failing to make any efforts to verify the accuracy of the representations made by Beauchamp. In this case, the facts show that the corporation was formed and the business of the night club commenced sometime in 1972. In April, 1973, Woodall bought out the interests of Beauchamp and Taylor and commenced the operation of the business himself. He soon found out that there were many debts owed and that the corporation was losing money. Nevertheless, Woodall continued to operate the night club and paid many of the delinquent bills, but without making efforts to rescind the contract of purchase of the night club or the indemnity agreement. He continued to operate the business, and made no complaint, at least, until after a letter from the holder of the notes declared an intent to demand payment in

March, 1974. Even in his cross complaint, Woodall sought only cancellation of the indemnity agreement and made no demand for damages based upon the alleged fraudulent contract.

It is a well settled rule that if a party who is entitled to rescind a contract because of fraud or false representation, when he has full knowledge of all the material circumstances of the case freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable even in equity. It is incumbent upon a party who attempts to rescind a contract for fraud to repudiate it promptly on discovery of the fraud. *Hunt v. Hardwick & Co.,* 68 Ga. 100 (3a) (1881). See *State Hwy. Dept. v. Hewitt Contracting Co.,* 221 Ga. 621, 624 (146 SE2d 632) (1966); *Tuttle v. Stovall,* 134 Ga. 325 (67 SE 806) (1910). See also *Webb v. City of Atlanta,* 188 Ga. 485 (4 SE2d 154) (1939) and *Camp v. Hatcher,* 119 Ga. App. 63, 69 (166 SE2d 422) (1969). In the face of Woodall's year-long silence following full knowledge of the alleged fraudulent representations, the law presumes that he treated the property as his own, thus ratifying the agreement and purchase. He will be held to have waived any objection, and to be conclusively bound by the contract as if no fraud or mistake had occurred. *Hunt v. Hardwick & Co.,* supra, p. 104.

2. Under the guaranty agreement, Beauchamp was liable jointly and individually for the amount of indebtedness due the holder of the original notes. While it is true that some of the other guarantors, including Woodall, may contribute to the satisfaction of the judgment in the main case and thereby reduce Woodall's obligation under the indemnity agreement, Beauchamp is still entitled to a judgment in an identical amount to the judgment obtained against him, even though he may not collect more than he ultimately pays. *Central of Ga. R. Co. v. Southern Clays, Inc.,* 94 Ga. App. 377, 380 (94 SE2d 625) (1956).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued May 4, 1977 — Decided June 13, 1977.

*Burt, Burt & Rentz, D. D. Rentz,* for appellant.
*Beauchamp & Hedrick, William H. Hedrick,* for appellees.