57429. PEACHTREE-PIEDMONT ASSOCIATES et al.
v. TOWER PLACE BILLJOHN, INC. et al.

SHULMAN, Judge.

Appellees-defendants filed motions to "strike and dismiss," to "dismiss," and for summary judgment as to certain claims in appellants' amended complaint relating to an agreement and compromise between appellants and appellees. This appeal follows orders of the trial court granting the motion to strike and dismiss the allegations and entering summary judgment in favor of appellees as to this issue. On appeal, we reverse.

1. The allegations considered by the trial court were set forth in an amendment to appellants' complaint. In pertinent part, the amendment asserted that "counsel for plaintiffs and defendants, having obtained authority from their respective clients, agreed by telephone on a settlement of the [case]" and that "all material elements [of the settlement] were agreed upon." It was further alleged that defendants had breached this agreement by refusing to execute documents necessary to bring the matter to fruition and by failing to make payments. In response to these allegations, appellees alleged with particularity that no agreement had ever been reached. We agree with appellants' contention that the court erred in sustaining the appellees' motion to strike and dismiss.

A. " 'Where an agreement for the compromise of a pending cause is made by a party and his counsel on the one hand, and by the counsel of the opposite party and ratified by his client, whereby one of the parties is to do certain acts, such agreement upon performance or offer to perform according to its terms within a reasonable time, becomes binding on the parties, and puts an end to the original subject-matter of the controversy . . . Such an agreement need not be in writing. The rule of court, that no consent between attorneys or parties, if denied, will be enforced if not in writing, has no application to an oral agreement and compromise of a pending suit. The settlement of doubtful issues involved in a pending cause is a sufficient consideration to support an agreement of settlement and compromise.' [Cit.]" *Kapiloff v. Askin Stores, Inc.*, 202 Ga. 292, 296 (42 SE2d 724). See generally 15A CJS 213, Compromise & Settlement, § 17.

B. As the amendment to the complaint set forth allegations that such a full and complete agreement of settlement and compromise had been reached as to the subject matter forming the basis of the action between appellants and appellees, the claim was not subject to appellees' motion to strike and dismiss. *J.G.T., Inc. v. Brunswick Corp.*, 119 Ga. App. 719 (1) (168 SE2d 847). See *John Deere Plow Co. v. Anderson,* 29 Ga. App. 497 (3) (116 SE 38). As to the situations where the parties contested the existence of an agreement, see, e.g.,*Bankers*

*Fidelity Life Ins. Co. v. O'Barr,* 108 Ga. App. 220 (132 SE2d 546); *Building Assoc., Inc. v. Crider,* 141 Ga. App. 825 (2) (234 SE2d 666).

2. The order granting the motion for summary judgment shows that the motion was granted without affording appellants 30 days notice as required by Code Ann. § 81A-156. This was procedurally improper and requires reversal of the summary judgment. *Jaynes v. Douglas,* 147 Ga. App. 678 (250 SE2d 14). Appellees' assertion that appellants had waived such notice is not sustained by the record and will not be considered.

3. The allegations which are the subject of this appeal were raised by way of supplemental pleadings. The record does not support appellees' argument that the trial court disallowed appellants' supplemental pleadings. This being so, the court's action in striking the pleadings cannot be sustained as an exercise of the court's discretion pursuant to Code Ann. § 81A-115 (d).

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED JUNE 13, 1979.

*Finestone & Cardon, Wayne L. Cardon,* for appellants.

*Stowers, Roane & Carley, Stephen F. Carley,* for appellees.