## 58715. SIBLEY v. CITY OF ATLANTA et al.

SHULMAN, Judge.

Upon being reassigned to the rank of patrolman from the rank of detective, appellant-Sibley, an officer in the City of Atlanta Police Department, brought this suit against the city and various city officials, seeking redress for the allegedly wrongful and unconstitutional demotion. This appeal is from the judgment of the trial court "in the nature of summary judgment" enacted after an evidentiary hearing, sustaining appellee-city's contentions of governmental immunity (*City of Atlanta v. Fry,* 148 Ga. App. 269 (251 SE2d 90)), and appellees-individuals' contentions of absolute privilege exercised under legal right (*Higginbotham v. Harden,* 137 Ga. App. 143 (1) (223 SE2d 156)). Finding no error for any reason assigned by appellant, we affirm.

1. Appellant asserts that the trial court erroneously restricted his ruling to whether appellant had a justifiable expectation of entitlement to a hearing in light of the past policies and practices of the police department. We disagree.

The court implicitly and properly held that no right to a hearing existed under the city ordinance applicable at the time of appellant's transfer. See Code of Ordinances of the City of Atlanta of 1965, § 25-7, declaring that assignment to detective or plain-clothes status "shall be temporary in character and subject to change at any time in the discretion of the chief of police." See generally Bishop v. Wood, 426 U. S. 341 (96 SC 2074, 48 LE2d 684). Thus, appellant's contention that the court erroneously concluded that the only issue to be ruled upon was the entitlement to a hearing by reason of past police department policy or practice is not borne out by the record.

2. The record fails to support appellant's claim that the trial court held that certain affidavits proffered by appellant were not admissible. Since no ruling was invoked, nothing is presented for review.

3. At the hearing on the motion to dismiss, appellant was not permitted to introduce a document obtained from police department personnel files for the purpose of establishing that appellant's transfer was considered a demotion and not merely a reassignment. We cannot agree that the exclusion of this evidence was erroneous.

Since appellant failed to make the necessary preliminary showing of admissibility required for the admission of business records, the document was properly excluded. *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556 (254 SE2d 881).

4. At the hearing, appellant was not permitted to introduce various police department documents purportedly showing department customs and reflecting that appellant's reassignment was recorded and denominated as a "demotion." In two related enumerations, appellant submits that the trial court erred in refusing to allow appellant a recess in order to obtain a witness to authenticate these documents. This is not well taken.

Since the evidence forming the subject of appellant's request for a recess could have been obtained in time for the hearing by the exercise of reasonable diligence, the trial court did not abuse its discretion in denying appellant's request. Cf. *Calcutta Apts. Assoc. v. Linden & Deutsch,* 131 Ga. App. 743 (1) (206 SE2d 559); *Register v. Kandlbinder,* 231 Ga. 786 (1a) (204 SE2d 145).

By way of supplemental brief, appellant argues that the denial of this motion was an abuse of discretion under the procedural posture of this case. See, e.g., *Peachtree-Piedmont Assoc. v. Tower Place Billjohn, Inc.,* 150 Ga. App. 292 (2) (257 SE2d 362), holding that absent waiver, a trial court may not convert a motion to dismiss to a motion for summary judgment without affording the opposing party the required statutory notice. Appellant did not advance this argument at any time to the trial court. His attempt to raise the issue for the first time by way of supplemental brief comes too late. *Johnson v. Heifler,* 141 Ga. App. 460 (1, 2) (233 SE2d 853).

5. Appellant asserts that the trial court erred in disallowing potentially impeaching evidence. We disagree.

Pretermitting whether the trial court actually disallowed impeachment evidence or whether appellant simply abandoned his impeachment attempt, and pretermitting whether the witness testified so as to authorize impeachment, a review of the alleged prior inconsistent statements fail to show any inconsistency. See *Dorsey v. Central of Ga. R. Co.,* 113 Ga. 564 (3) (38 SE 958). This being so, any asserted error in disallowing impeachment evidence was harmless.

6. After hearing evidence, the trial court held that no genuine issue of material fact remained and that judgment was demanded in favor of appellees as a matter of law. See *Leach v. Midland-Guardian Co.,* 127 Ga. App. 562 (1) (194 SE2d 260). Appellant's contention that the court erred in so holding is not well taken.

In support of his argument, appellant cites certain affidavits. Some affidavits contain averments as to the affiants' "understandings" that a hearing is customarily afforded to a detective who is reassigned to patrolman status. Other affidavits reflect the affiants' conclusions that a detective reassigned to patrol status would be entitled to a hearing. These bare legal conclusions and "understandings" are not such competent evidence as would create any genuine issues of material fact concerning appellant's uncontradicted factual averments to the contrary (i.e., that such hearings had not been customarily afforded). *Thornton v. Alford,* 112 Ga. App. 321 (2) (145 SE2d 106); *Mica-Top Fixture Co. v. Frank G. Shattuck Co.,* 124 Ga. App. 100 (1) (183 SE2d 15). It follows that summary judgment was not improper for the reason assigned herein.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED DECEMBER 5, 1979.

*Joab L. Kunin,* for appellant.
John H. Sibley, *pro se.*

*Ferrin Y. Mathews, Mary C. Cooney,* for appellees.