64990. BROWNING v. POWELL.

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendant to recover on a promissory note. Appellant answered and raised the affirmative defense of fraud in the inducement. Appellant also counterclaimed. Appellant's counterclaim sought to recover $1,500,

representing certain indebtedness allegedly owed to him by appellee as the result of appellee's fraudulent misrepresentations plus the sum of $15,000 as punitive damages for appellee's alleged fraud. The counterclaim also stated a claim against appellee for conversion. After discovery, appellee made a motion for summary judgment which was supported by an affidavit relating solely to the main action on the note. At the time appellee's motion was filed, the documentary evidence then of record would have supported a recovery of $627.90 by appellant under the allegations of his counterclaim concerning the indebtednesses allegedly owed by appellee. Apparently, at the hearing on appellee's motion for summary judgment appellee's counsel stated that, in the event his motion as to the main action was granted, appellee "would agree to a judgment" against him in the total amount of $627.90 on appellant's counterclaim. The trial court granted appellee's motion as to the main action. Although appellant had made no motion for summary judgment as to any part of his counterclaim, the trial court granted judgment thereon in the total amount of $627.90, solely on the basis of appellee's "admission and stipulation" concerning appellant's entitlement to recover that amount. Accordingly, the trial court entered an order which awarded appellee $8,200 on the promissory note and $1,230 in attorney fees and from which was deducted $627.90 representing appellant's recovery on the counterclaim, for a total final judgment for appellee in the amount of $8,802.10.

1. During the discovery stage of the instant case, appellee was served pursuant to Code Ann. § 81A-134 with a request to produce certain documents at the taking of his deposition. Appellee in fact produced some but not all of the documents requested by appellant. Pursuant to Code Ann. § 81A-137 (a) (2), appellant moved for an order to compel appellee's total compliance with the request to produce. A hearing was held and the trial court denied appellant's motion to compel appellee's further compliance with the request to produce. Appellant enumerates the denial of his motion to compel as error.

The trial court "has a wide discretion in determining what is and is not germane to the issues. [Cit.] 'In exercising this discretion the trial court can consider such factors as the relevancy of the [information being sought] . . . and whether such [efforts] were filed for purposes other than a bona fide effort of discovery . . . The statute wisely gives the trial judge broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere.' [Cit.]" *Baker v. Housing Auth.,* 152 Ga. App. 64, 67 (262 SE2d 183) (1979). In the instant case, the trial court did not abuse its discretion in denying

appellant's motion to compel further compliance with the request for production. *Schneider v. Spivey,* 240 Ga. 468 (241 SE2d 224) (1978).

2. Appellant asserts that the trial court erred in granting appellee summary judgment as to the main action on the promissory note. The evidence of record demonstrates that appellant's affirmative defense of fraud in the inducement was pierced. "It is a well settled rule that if a party who is entitled to rescind a contract because of fraud or false representation, when he has full knowledge of all the material circumstances of the case freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable even in equity. It is incumbent upon a party who attempts to rescind a contract for fraud to repudiate it promptly on discovery of the fraud. [Cits.]" *Woodall v. Beauchamp,* 142 Ga. App. 543, 545 (236 SE2d 529) (1977). In the instant case, as in *Woodall,* the alleged fraudulent misrepresentations concern the financial condition of a nightclub sold to appellant by appellee. Here, as in *Woodall,* appellant "soon found out that there were many debts owed and that the corporation was losing money. Nevertheless, [appellant] continued to operate the nightclub and paid many of the delinquent bills, but without making efforts to rescind the contract of purchase of the nightclub ... He continued to operate the business, [paid twelve installments on the note,] and made no complaint" apparently until some time after defaulting on the note. *Woodall,* 142 Ga. App. at 544, supra. In the face of appellant's silence "following full knowledge of the alleged fraudulent representations, the law presumes that he treated the property as his own, thus ratifying the agreement and purchase. He will be held to have waived any objection, and to be conclusively bound by the contract as if no fraud or mistake had occurred. [Cit.]" *Woodall,* 142 Ga. App. at 545, supra.

3. We next consider the trial court's ruling with regard to appellant's counterclaim. Construing its allegations most strongly for appellant, his counterclaim is an attempt to recover, in tort, damages in the amount of $1,500 representing the indebtedness of the nightclub paid by appellant after the sale, which indebtednesses were fraudulently misrepresented by appellee to appellant as having already been paid so as to induce the purchase. " 'Fraud ordinarily gives the injured party the right either to rescind the contract, or, by affirming the same, to claim damages. [Cits.]' [Cit.]" *Bill Spreen Toyota v. Jenquin,* 163 Ga. App. 855, 856 (294 SE2d 533) (1982). One may not be entitled to rescind a contract for fraud and yet be entitled to seek damages therefor. See generally *Touche v. Dearborn,* 161 Ga. App. 188 (291 SE2d 35) (1982). Thus, a defendant may defend the

main action by raising the defense of fraud and, also, counterclaim for damages based upon the tort of fraud and deceit. See *American Food Svc. v. Goldsmith,* 121 Ga. App. 686 (175 SE2d 57) (1970). A trial court has the authority to grant summary judgment to a nonmoving party, (see *Massey v. Consolidated Equities Corp.,* 120 Ga. App. 165, 167 (1) (169 SE2d 672) (1969)), and, to the extent that appellee in the instant case "would agree to a judgment in behalf of [appellant]" on the counterclaim (R-118), there would apparently be no genuine issue of material fact remaining with reference to appellee's underlying liability on this part of appellant's counterclaim.

It cannot be said, however, that *no* genuine issue remained and that *appellee* was entitled to judgment as a matter of law with regard to the *extent* of his liability to appellant for the fraudulent misrepresentations which presumably underlie this part of the counterclaim. Ex parte, appellee "agreed" to have judgment rendered against it on the counterclaim in the amount of $627.90, although appellant had alleged damages in the amount of $1,500. Thus, to the extent that summary judgment on the counterclaim was granted to appellant in an amount less than the $1,500 prayed for, summary judgment was, in effect, granted to *appellee.*

One opposing a motion for summary judgment must come forward with evidence showing that genuine issues remain for trial or face the possibility that, if he does not do so, the evidence for the movant will pierce the pleadings and the motion will be granted. Code Ann. § 81A-156 (e). We know of no rule, however, which would permit a plaintiff, in a case in which a counterclaim is pending, to "agree" ex parte at the hearing on his motion for summary judgment as to the main action that the non-moving party is entitled to judgment on his counterclaim but only to the limited extent to which the evidence then of record would authorize a recovery. Appellant was entitled to his day in court on the issues raised in his counterclaim, including the extent of appellee's liability thereunder, unless the necessity of a trial on those issues was obviated beforehand. As noted above, to the extent that summary judgment was granted to appellant in an amount less than $1,500, summary judgment was in effect granted to appellee. If appellee wished to admit ultimate liability to appellant on the counterclaim and move for summary judgment only as to the issue of damages, he should have made a new motion in this regard pursuant to Code Ann. § 81A-156 (c), giving appellant the requisite 30 days within which to respond. See *Thompson v. Hurt,* 159 Ga. App. 656 (284 SE2d 671) (1981).

Moreover, even if it were not error to grant appellant summary judgment in the amount of $627.90, to the extent that this part of appellant's counterclaim may be construed as a tort claim for actual

damages resulting from appellee's fraud and deceit, it would appear that a stipulation by appellee that appellant was entitled to judgment thereon in some amount would itself create a jury question as to that other part of the counterclaim seeking punitive damages for appellee's fraud. "Where fraud and deceit . . . is proved, it is a jury question whether the aggravating circumstances of the alleged tort warrant the imposition of punitive damages. [Cit.]" *Rustin Oldsmobile v. Kendricks,* 123 Ga. App. 679, 680 (3) (182 SE2d 178) (1971).

The order in the instant case demonstrates that the trial court granted appellee's ex parte motion for summary judgment with regard to appellant's counterclaim based solely "upon the [appellee's ex parte] admission and stipulation in Court." For the reasons discussed above, this was error. See generally, *Peachtree-Piedmont Assoc. v. Tower Place Billjohn,* 150 Ga. App. 292, 294 (2) (257 SE2d 362) (1979). A ruling on a motion for summary judgment should be predicated upon a review of the evidence of record for a determination of the existence of genuine issues of material fact and should not be based upon the ex parte and ultimately self-serving stipulation of one of the parties. Accordingly, the trial court's order with regard to appellant's counterclaim is reversed.

4. Reversal of the order insofar as appellant's counterclaim is involved does not require reversal of the grant of summary judgment to appellee on the note in the main action. "[T]he order granting summary judgment to [appellee] on the note is affirmed with direction that the amount of the money judgment be reduced by an amount equal to [appellant's] recovery, if any, on [his] counterclaim." *Ivey Contracting Co. v. Elliott,* 151 Ga. App. 361, 366 (259 SE2d 658) (1979).

*Judgment affirmed in part with direction and reversed in part. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 3, 1983.

*Walter F. Newsom,* for appellant.
*J. Converse Bright,* for appellee.