## 69113, 69114. JONES v. THORNTON.
(323 SE2d 217)

BANKE, Presiding Judge.

Dorothy Elaine Jones sued her physician, Dr. Nat Thornton, to recover damages for invasion of privacy and libel, based on his compliance with a discovery request seeking the release of her medical records in connection with another lawsuit. The trial court entered separate orders granting Dr. Thornton's motion for summary judgment as to both counts of the complaint, and Ms. Jones filed these appeals.

The salient facts are undisputed. The appellant had previously filed suit against Ariel Conlin, a former employer, to recover for physical and emotional injuries resulting from an alleged assault and battery. On February 2, 1981, Conlin's counsel, acting pursuant to OCGA § 9-11-34 (c), directed to Dr. Thornton, as a non-party, a request for production of all medical records in his possession connected with his treatment or examination of the appellant. Accompanying this request for production was a letter stating: "From an ethical standpoint, this request pursuant to law, should relieve you of any misgivings as to whether or not you can reveal your records concerning this patient. Please be assured that the present controversy between Dorothy Elaine Jones and Ariel V. Conlin involves any and all treatment and/or treatments he or she may have received from you at any time, and the tender of these records will be helpful toward the end of seeking the truth in this matter."

Dr. Thornton was instructed to comply with the request by mail-

ing copies of the records within 30 days. He complied on February 3, 1981. On February 10, 1981, appellant's counsel, having been served with a copy of the request for production, filed objections to it; however, by this time the objections were, of course, too late. *Held*:

1. This court ruled in *Orr v. Sievert*, 162 Ga. App. 677, 679 (292 SE2d 548) (1982), that a physician has a duty to protect the privacy of his patients and that a breach of that duty will give rise to an action for damages. However, we further recognized in that case that, pursuant to OCGA § 24-9-40, "[o]nce a patient places his care and treatment at issue in a civil proceeding, there no longer remains any restraint upon a doctor in the release of medical information concerning the patient within the parameters of the complaint." Id. at 679-680. Also, OCGA § 24-9-44 provides that "[a]ny person, corporation, authority, or other legal entity acting in good faith shall be immune from liability for the transmission, receipt, or use of medical matter disclosed pursuant to laws requiring disclosure . . ."

In the case before us, the appellant contends that many of the records which Dr. Thornton disclosed to Conlin's attorney were irrelevant to any aspect of her suit against Conlin, such as, for example, records indicating that she suffered from high blood pressure, insomnia, depression, and other unspecified mental and emotional problems, as well as records reflecting on her sex life and other sensitive matters. Upon examining her complaint against Conlin, however, we are in agreement with the trial court that the records in question were relevant to ascertain the nature of the mental and emotional problems for which she was seeking damages and to determine the extent to which these problems may have pre-existed the events which formed the basis of her suit against Conlin. Consequently, we sustain the court's ruling that, pursuant to OCGA § 24-9-44, Dr. Thornton was immune from liability for invasion of the appellant's privacy based on the transmission of the records to Conlin's defense counsel in response to the notice to produce. We also agree, however, with the court's observation that, having failed to verify the nature of the appellant's suit against Conlin or to seek legal advice with respect to his obligations in the matter, Dr. Thornton placed himself at risk by complying immediately with the discovery request and thereby denying the appellant an opportunity to obtain a court ruling on her objections to the request, in accordance with OCGA § 9-11-34 (c). As stated by the trial court, "In this instance, on a close question, Dr. Thornton was lucky."

2. We also sustain the grant of summary judgment to Dr. Thornton with respect to the libel claim. Dr. Thornton asserted by affidavit that, in complying with the request for production of documents, he was motivated not by malice towards the appellant but by a good faith belief that he was complying with Georgia law. There is no evi-

dence of record to refute this statement; and, consequently, even assuming *arguendo* that any of the appellant's medical records contained incorrect information, an essential element of the alleged tort has been negated. See generally *Edmonds v. Atlanta Newspapers*, 92 Ga. App. 15 (2) (87 SE2d 415) (1955); OCGA § 51-5-1.

*Judgments affirmed. Pope and Benham, JJ., concur.*

Decided September 26, 1984 —
Rehearing denied October 17, 1984

*David C. Jones, Jr.*, for appellant.
*Terrance C. Sullivan, Lawrie E. Demorest*, for appellee.