**Albert H. SHELTON,**
**Plaintiff-Appellant,**

v.

**CITY OF ATLANTA, et al.,**
**Defendants-Appellees.**

**No. 86–8143**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1986.

---

**1392**

Robert C. Lamar, David W. Davenport, Atlanta, Ga., for plaintiff-appellant.

W. Roy Mays, III, Marva Jones Brooks, George R. Ference, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

We AFFIRM on the basis of the district court's order filed January 8, 1986.

CIVIL NO. C84–2575

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ORDER

This case is before the court on the parties' cross-motions for summary judgment. Defendants' motion for leave to file a motion for summary judgment is GRANTED.

Plaintiff brings this § 1983 action against his employer, the City of Atlanta, and against various agencies and officials thereof, alleging that he was demoted from a tenured position without the hearing required by the Fourteenth Amendment. Plaintiff seeks relief in the form of reinstatement, back pay and other benefits, and attorney's fees and costs.

*Findings of Fact*

The following facts are not in dispute. Plaintiff has been a police officer with the City of Atlanta since 1969. Prior to 1973, Plaintiff was employed as a patrolman.

On March 5, 1973, the Chief of Police moved Plaintiff into a position with the Stake-Out Division of the Crime Control Bureau. Pursuant to the funding requirements of that division, Plaintiff's job classification was changed from patrolman to detective.

Plaintiff worked as a detective for more than ten years, or until November 22, 1983, when his job classification was changed back to patrolman by Commissioner of Public Safety Georgia Napper. Plaintiff subsequently filed a grievance with the Department of Public Safety, which was denied by the Commissioner on January 10, 1984.

*Conclusions of Law*

Defendants move for summary judgment on the grounds that the applicable ordinances and charter provisions of the City of Atlanta have continually provided that the position of detective is a temporary one, in which police officers serve at the discretion or pleasure of their superiors. Defendants therefore deny that Plaintiff gained tenure as a detective so as to be entitled to a hearing when he was returned to patrolman.

Plaintiff moves for summary judgment on the grounds that he received tenure as detective in March of 1974 after a twelve-month probationary period, and that his return to patrolman status was actually a demotion. Plaintiff contends that he was therefore deprived of his right to that detective position without a proper hearing, in violation of his civil rights.

Plaintiff must have a property right to a specific term or condition of employment in order for the alteration of that term or condition to raise constitutional requirements of due process. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1974). To have a property interest in a benefit, a person must have "a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In judging the sufficiency of a claim of entitlement, the court must read the relevant employment regulations in their entirety

"to glean the expectations of the parties." *United Steel Workers v. University of Alabama,* 599 F.2d 56, 60 (5th Cir.1979); *see also Blanton v. Griel Memorial Psychiatric Hospital,* 758 F.2d 1540, 1543 (11th Cir.1985).

Plaintiff bases his claim on certain charter provisions and ordinances of the City of Atlanta which were in effect in 1973 and 1974. Those provisions include § 10.3.4 of the City Charter and former § 25–7 of the City Code. Plaintiff also relies on the decision of the Georgia Supreme Court in *Jackson v. Fraternal Order of Police,* 234 Ga. 906, 218 S.E.2d 633 (1975), and on an unpublished consent order entered by the Superior Court of Fulton County in *Hartley v. Jackson,* Civil No. B–97439, on December 31, 1976.

Defendants argue that an ordinance enacted in 1979, § 11–2001 of the amended 1977 Code of Ordinances, authorized the Commissioner to return Plaintiff to patrolman status without a hearing. Defendants also maintain that Plaintiff has failed to show any entitlement to tenure under the statutes previously in effect.

The court finds no basis in fact or law for Plaintiff's claim to a constitutionally protected right of tenure as a detective. Neither the statutes nor the case law support a reasonable expectation of tenure on the part of Plaintiff.

First, the statutory scheme in place in 1974[1] clearly treated the position of detective as a temporary, discretionary assignment without civil service status. § 25–7 of the City Code stated in pertinent part:

The chief of police is given authority to assign such officers and patrolmen to detective service in plain clothes as may be necessary; provided, however, that such assignment shall be temporary in character and subject to change at any time in the discretion of the chief of police.

1965 Code of Ordinances of City of Atlanta, § 25–7.

In accordance with this special status, the position of detective does not carry the usual civil service attributes of the "promotion" positions.[2] The probationary period was specifically eliminated for detectives. 1965 Code, § 25–50. Furthermore, the chief of police was given the authority "to detail any member of the police department to the positions of sergeant and detective without reference to civil service laws, including the provisions of this article." Charter § 10.3.6, Ga. Acts 1952, p. 2635. Thus, the charter section upon which Plaintiff relies, § 10.3.4, titled "Probationary Period of Promoted Persons," is not applicable to the position of detective.[3]

In fact, the very language of these statutes indicates that placement in a detective position cannot be considered a promotion. A person is "detailed" or "assigned" to the position of detective, rather than being promoted or demoted.[4] Detective is clearly a different type of position, outside the normal scheme of promotions and probationary periods. The statute thus provides no support for Plaintiff's claim of entitlement to tenure.

The Georgia Court of Appeals reached the same conclusion in *Sibley v. City of Atlanta,* 152 Ga.App. 723, 263 S.E.2d 698 (1979). The trial court had granted sum-

---

**1.** Because the court holds that Plaintiff did not gain tenure under the regulations in effect in 1973 and 1974, the court need not consider Defendants' somewhat dubious argument that an ordinance passed in 1979, § 11–2001, would allow Plaintiff's dismissal without regard to tenure he might have gained before 1979.

**2.** For example, Atlanta police officers are promoted to captain and lieutenant, and receive tenure in those positions after a six-month probationary period. 1965 Code, §§ 25–48 and 25–49.

**3.** § 10.3.4 provides:

Any person promoted in the police department shall serve a probationary period of twelve months during which time he may be demoted to his former position without a trial by the chief of the police department.
Ga.Acts 1951, p. 3247.

**4.** *See* Charter § 10.3.6; 1965 Code, § 25–7.

mary judgment against Sibley, who had brought suit complaining of unconstitutional demotion from detective to patrolman. In affirming the trial court, the Court of Appeals stated:

> The court implicitly and properly held that no right to a hearing existed under the city ordinance applicable at the time of appellant's transfer. See Code of Ordinances of the City of Atlanta of 1965, § 25–7, declaring that assignment to detective or plain-clothes status "shall be temporary in character and subject to change at any time in the discretion of the chief of police." See generally *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684.

152 Ga.App. at 723, 263 S.E.2d 698.

The cases relied upon by Plaintiff do not hold otherwise. The case of *Jackson v. Fraternal Order of Police,* 234 Ga. 906, 218 S.E.2d 633 (1975), concerned the proper application of the probationary period where an officer was assigned to an "acting" higher grade. The *Jackson* case did not involve the position of detective. Similarly, the case of *Hartley v. Jackson,* Superior Court of Fulton County, No. B–97439, involved the position of sergeant, not detective.

Plaintiff has therefore failed to show that he has a legitimate claim of entitlement to tenure as a detective for the City of Atlanta. No reasonable expectation of continuous employment as a detective exists that could give rise to a property interest. Plaintiff was thus not entitled to the protections of due process when he was reassigned from detective to patrolman. Plaintiff's motion for summary judgment is therefore DENIED. Defendants' motion for summary judgment is GRANTED.

SO ORDERED, this 7 day of January, 1986.

S/ Orinda D. Evans
ORINDA D. EVANS
UNITED STATES
DISTRICT JUDGE