## 75981. McFARLIN v. TAYLOR.
(369 SE2d 330)

BEASLEY, Judge.

Taylor filed suit against McFarlin after a collision between their vehicles. Plaintiff alleged that she incurred certain medical expenses including treatment from dentist Woodall. Pursuant to OCGA § 9-11-34 (c), defendant served Woodall with a request for production of documents pertaining to Taylor's treatment. Woodall did not file an objection within ten days of the request as required by OCGA § 9-11-34 (c) (2) but Woodall's attorney sent a letter to McFarlin's counsel which contended that Woodall was not insulated from liability for production of the records as a physician under OCGA § 24-9-40, requested that counsel have Taylor execute an authorization to release her medical information, and stated that with such authorization, Woodall would comply with the request and sign the accompanying affidavit. The record is silent as to whether or not such an authorization was ever requested or obtained. Defendant McFarlin moved to compel discovery; the trial court overruled the motion on the basis that Woodall was "a dentist under Chapter 11 of Title 43 of the O. C. G. A. and not subject to discovery sanctions provided under OCGA § 24-9-40." An interlocutory appeal was granted to review this discovery ruling.

Appellant urges that Woodall is immune from liability under OCGA § 24-9-40. The clear language of the statute limits itself to physicians licensed under Chapter 34 of Title 43, which would not include dentist Woodall. However, OCGA § 24-9-44 provides that "[a]ny person, corporation, authority, or other legal entity acting in good faith shall be immune from liability for the transmission, receipt, or use of medical matter disclosed pursuant to laws requiring disclosure or pursuant to limited consent to disclosure." If Woodall had complied in good faith with the production request, or if he had been compelled to comply by the trial court, he would have been shielded from liability for the disclosure under this statute. See *Jones v. Thornton*, 172 Ga. App. 412 (323 SE2d 217) (1984).

Aside from the immunity issue, Woodall failed to comply promptly with the production request because he did not file any objection to the discovery within ten days of receipt of the request. OCGA § 9-11-34 (c) (2). Even though the trial court has broad discre-

tion in dealing with discovery matters, its bounds were exceeded in overruling defendant's motion to compel. See *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 745 (1) (360 SE2d 70) (1987); *Browning v. Powell*, 165 Ga. App. 315, 316 (1) (301 SE2d 52) (1983).

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 3, 1988.

*William D. Strickland, David S. Thomson*, for appellant.
*David A. Sellers*, for appellee.