## A91A0095. FARRELL et al. v. DUNN.
### (405 SE2d 731)

CARLEY, Judge.

Appellee-plaintiff's automobile was struck by another automobile that was owned by appellant-defendant Terry Farrell and was being operated by his wife, appellant-defendant Connie Jo Farrell, as a family purpose automobile. As the result of this collision, appellee filed suit against appellants, seeking to recover for personal injuries and property damage. Appellants answered and denied the material allegations of appellee's complaint. Although the collision apparently had no connection whatsoever with appellee's employment, appellants served the State Board of Workers' Compensation (Board) with a request for production of documents pursuant to OCGA § 9-11-34 (c) (1). In this request, appellants sought certified copies of "any and all" claims by appellee for workers' compensation benefits, including but not limited to "[a]ll medical records, reports [and] narratives." When the Board objected to complying with this request, appellants filed a motion to compel the Board to produce the records, urging that appellee's "past, present and future physical condition are directly at issue in this action. . . ." The trial court, relying upon OCGA § 34-9-12 (b), denied appellant's motion to compel, but certified its order for immediate review. Appellants applied to this court for an interlocutory appeal from the trial court's order, and the instant appeal results from the grant of their application.

OCGA § 34-9-12 (b) provides that the records of the Board "shall not be open to the public but only to the parties satisfying the [B]oard of their interest in such records and their right to inspect them. Under such reasonable rules and regulations as the [B]oard may adopt, the records of the [B]oard as to any employee in any previous case in which such employee was a claimant shall be open to and made available to such claimant, to an employer or its insurance carrier which is called upon to pay compensation, medical expenses, or funeral expenses, and to *any party at interest*. . . ." (Emphasis supplied.)

Obviously, appellants are not parties at interest in "any and all" claims for workers' compensation benefits that appellee may have previously filed. They are merely defendants in the instant civil action with an interest in determining whether appellee's alleged physical injuries may be attributable to some cause other than the vehicular collision that is here at issue. Thus, appellants have no direct interest in the Board's records as such, but merely have an indirect interest in those records because they may happen to contain such of appellee's medical records as have been filed with the Board. Insofar as appellee's actual medical records are concerned, appellants may pursue the usual means of discovery that is available to any defend-

ant in a civil action. They can depose appellee with regard to her prior medical history and then, pursuant to OCGA § 9-11-34 (c) (2), request production of her potentially relevant medical records directly from the applicable health care providers themselves. Pursuant to OCGA § 34-9-12 (b), however, appellants have no authority to engage in a fishing expedition in the Board's records simply because the Board may be an alternative source for securing potentially relevant defensive material. The Board is not a general repository of discoverable material for defendants in civil actions, and access to the Board's records is properly limited to those parties who have a specific interest in the workers' compensation claim in connection with which the records are maintained by the Board. It follows that the trial court did not err in denying appellants' motion to compel. Compare *McFarlin v. Taylor*, 187 Ga. App. 54 (369 SE2d 330) (1988).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 30, 1991.

*Jenkins & Eells, Frank E. Jenkins III, Jeffrey M. Frazier, Cheryl T. Cole*, for appellants.
*Pruitt & Britt, Glyndon C. Pruitt*, for appellee.