A95A0435. PAYNE v. SHERRER et al.
(458 SE2d 916)

RUFFIN, Judge.

Joseph Payne sued Dr. Jack Sherrer for violating his right to privacy and confidentiality after Dr. Sherrer provided copies of Payne's medical records to his employer, Columbus Packaging Company, Inc. ("Columbus"). The complaint alleged that Columbus required Payne to undergo a medical examination regarding back strain he suffered when he was in the United States Army. The complaint further alleged that Columbus would not allow Payne to return to work until he was evaluated by Dr. Sherrer, a company appointed physician, and that Dr. Sherrer requested that Payne provide him with copies of his Army medical records which Payne did. Payne alleged that, without his consent and in violation of his rights to privacy, Dr. Sherrer then

provided copies of his medical records to Columbus.

The trial court granted Dr. Sherrer's motion to dismiss the complaint for failure to state a claim upon which relief could be granted and Payne appeals from that order.

"When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." (Citations and punctuation omitted.) *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993).

1. While in earlier cases we held that there was no confidential relationship between a doctor and his patient, those rulings were based on our former Code which did not recognize such a relationship. See *Elliott v. Ga. Power Co.*, 58 Ga. App. 151 (1) (197 SE 914) (1938) (confidential communications under former Code Ann. § 38-418 did not include those made by a patient to his physician); *Collins v. Howard*, 156 FSupp. 322 (1) (S.D. Ga. 1957) (followed common law rule because no statute creating relationship existed). In 1978 however, our legislature amended former Code Ann. § 38-418 to provide for a confidential relationship between doctors and their patients. See Ga. L. 1978, p. 1657. Subsequently, "[t]his court ruled in *Orr v. Sievert*, 162 Ga. App. 677, 679 (292 SE2d 548) (1982), that a physician has a duty to protect the privacy of his patients and that a breach of that duty will give rise to an action for damages." *Jones v. Thornton*, 172 Ga. App. 412, 413 (1) (323 SE2d 217) (1984). However, the plain language of this court's opinion in *Jones* and the language in OCGA § 24-9-40 assume the existence of a physician-patient relationship before such a duty arises. We believe, as in classic medical malpractice actions, that "doctor-patient privity is essential because it is this relation which is a result of a consensual transaction that establishes the legal duty [for the physician] to conform to a standard of conduct." (Citations and punctuation omitted.) *Peace v. Weisman*, 186 Ga. App. 697, 698 (1) (368 SE2d 319) (1988). Accordingly, in order for the complaint in this case to state a claim upon which relief could be granted, it must at a minimum set forth the possibility of a physician-patient relationship between Dr. Sherrer and Payne.

A physician-patient relationship exists "where the patient knowingly seeks the assistance of the physician and the physician knowingly accepts him as a patient." (Citation and punctuation omitted.) Id. We have held in medical malpractice actions, and it is generally the law of other jurisdictions, that when an employer retains a physi-

cian to examine an employee, no physician-patient relationship exists between the employee and the physician. Id. See also *Collins*, supra; 70 CJS 448, Physicians & Surgeons, § 58. This is because in such a situation, the physician has "neither offered nor intended to treat, care for, or otherwise benefit the individual. . . ." *Peace*, supra.

Applying that requirement to this case, we find that the complaint discloses with certainty that there was no physician-patient relationship between Dr. Sherrer and Payne. Payne's complaint clearly alleges that Dr. Sherrer was a company appointed physician retained by Columbus to give Payne a return to work physical. Accordingly, under *Peace*, supra, no physician-patient relationship existed and Dr. Sherrer owed no duty to Payne that would arise out of such a relationship. Under these circumstances, Dr. Sherrer did not violate Payne's rights to privacy and confidentiality in releasing the records to Columbus, even though it was done without Payne's consent. The trial court did not err in granting Dr. Sherrer's motion to dismiss the complaint.

2. Payne's other contention that Dr. Sherrer's release of the records violated his right of confidentiality under the Americans with Disabilities Act, was not raised below and accordingly may not be considered for the first time on appeal. See *In the Interest of W. R. S.*, 213 Ga. App. 616 (1) (445 SE2d 367) (1994).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 10, 1995.

*John G. Wolinski*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., C. Morris Mullin*, for appellees.

