A03A1250. FOSTER v. SWINNEY et al.
(588 SE2d 307)

JOHNSON, Presiding Judge.

Following the termination of his employment by Fesco Systems, Wendel Foster sued Fesco and his former supervisor, Kevin Swinney, for damages. The trial court granted Fesco's and Swinney's motion to dismiss for failure to state a claim. Foster appeals, and we affirm for the reasons set forth below.

> When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.[1]

According to the complaint, Foster was employed by Fesco, and Swinney was Foster's supervisor. Swinney ordered Fesco employees, including Foster, to provide a urine sample for drug testing. Before he provided the urine sample, Foster signed a consent form which limited the release of the test results to Fesco with no authorization to re-release the test results to anyone else. Foster submitted a urine sample, and Fesco received results from the testing laboratory show-

---

[1] (Citation and punctuation omitted.) *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 874 (463 SE2d 713) (1995).

ing that Foster's urine was positive for cannabinoids, indicating traces of marijuana. Because of the test results, Fesco terminated Foster's employment. Foster asked for an opportunity to be retested.

Without authorization from Foster, Swinney telephoned Foster's residence and spoke with Foster's 15-year-old stepson. Swinney told Foster's stepson that Foster had failed the drug test and was dismissed from his job as a result. Foster claims that Swinney acted maliciously, and with "no other intent except to cause harm, embarrassment, and destruction to the family harmony." Foster's stepson was not aware that Foster had been required to take a drug test or had any suspicion that Foster had used marijuana. Foster's stepson informed the other four family children of the test results, causing "tremendous family disharmony, stress, tension and a loss of respect and admiration" for Foster by the children. Foster claimed that as a result of Fesco's and Swinney's actions he incurred pecuniary loss and injury to his peace, happiness, and feelings.[2]

Foster claims the trial court erred in granting Fesco's and Swinney's motion to dismiss for failure to state a claim because the unauthorized disclosure of the drug test results gave rise to a cause of action in tort. While we agree with Foster that Georgia's public policy is to maintain the confidentiality of medical records, including drug treatment records, Foster does not show that the legislature has extended this protection to the drug test results at issue here.

a. OCGA §§ 37-7-166 and 37-3-166, which are relied on by Foster, provide that a patient's clinical records are not public and may not be released except under the circumstances set forth in those provisions. Under OCGA §§ 37-7-1 (16) and 37-3-1 (13), "patient" is defined as those persons seeking treatment under those chapters, which address the treatment of alcoholics and drug dependent individuals, and treatment for mental illness, respectively.

In *Payne v. Sherrer*,[3] we held that a physician hired by the plaintiff's employer to conduct a return to work physical on the plaintiff did not violate the plaintiff's right to confidentiality by releasing medical records to the plaintiff's employer. The plaintiff was not the physician's patient "because in such a situation, the physician has neither offered nor intended to treat, care for, or otherwise benefit the individual."[4] Applying similar reasoning, we conclude that Foster was not a patient of Fesco or the testing laboratory because he did

---

[2] Although claims for invasion of privacy under state and federal law are also suggested by his complaint, Foster fails to argue the issue in his appellate brief. Foster also takes the position that he does not have a remedy for breach of contract because of the type of damages claimed. We will not consider claims for slander or defamation because Foster does not challenge the truth of Swinney's statements to his stepson. See OCGA § 51-5-6.

[3] 217 Ga. App. 761, 762-763 (1) (458 SE2d 916) (1995).

[4] (Citation and punctuation omitted.) Id. at 763 (1).

not seek medical treatment from either in submitting his urine sample for testing. If Foster was not a patient, then he had no standing to complain of the release of the drug test results by reason of OCGA § 37-7-166 or § 37-3-166.

Foster also relies on *Mrozinski v. Pogue*[5] and *Sletto v. Hosp. Auth. of Houston County*.[6] *Sletto* concerns a claim by a patient for the unauthorized release of mental health records and is factually inapposite. In *Pogue*, Mrozinski sued psychiatrist Pogue for allegedly disclosing privileged information related to the treatment of Mrozinski's daughter's drug addiction. The trial court granted summary judgment to Pogue, but we reversed, finding that material issues of fact existed as to whether Mrozinski, who participated in the therapy sessions with his daughter, could be considered to be Pogue's patient and whether Pogue wrongfully disclosed privileged information. Foster contends that *Pogue* shows that he may have been a patient of the testing laboratory even though he did not seek treatment from the laboratory directly, that the issue is a question of fact for the jury, and that if he was a patient of the laboratory, then the testing results were patient records and entitled to protection as such after the results were released to Fesco. *Pogue* is distinguishable because there was some evidence that Mrozinski consulted Pogue for "treatment and assistance for himself."[7] In contrast, it cannot be inferred that Foster sought medical treatment in the context of an employer-required drug test.

b. Foster further argues that OCGA §§ 24-9-40 (a); 24-9-41 (5) and (6); and 24-9-42 guarantee Foster confidentiality of the drug test results. This argument was first raised in Foster's appellate brief. "[A]bsent special circumstances, an appellate court need not consider arguments raised for the first time on appeal."[8] Foster contends that this is such a circumstance because the issue presents a serious issue of public policy. But even considered on the merits, Foster's argument fails. These statutes do not establish that the drug test result is a privileged medical record. The legislation only provides that the privileged or confidential nature of medical information is not lost if the information is disclosed as required by law or "for a specific purpose related to such person's health or related to such person's application for insurance or like benefits,"[9] except for the purpose for which the disclosure was made.[10] Foster cannot rely on OCGA §§ 24-9-40 (a);

---

[5] 205 Ga. App. 731 (423 SE2d 405) (1992).

[6] 239 Ga. App. 203 (521 SE2d 199) (1999).

[7] *Mrozinski v. Pogue*, supra at 732 (1).

[8] (Footnotes omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[9] OCGA § 24-9-41 (5).

[10] OCGA § 24-9-42.

24-9-41 (5) and (6); and 24-9-42 until he has shown that his test results are privileged medical information, and he has not done so.

c. Foster claims that he has established a tort claim arising from breach of contract because Fesco and Swinney breached an independent duty imposed by law.[11] Foster claims that Fesco was in a confidential relationship with Foster,[12] and it was a violation of this relationship which supplied the breach of independent duty. From our review of the briefs filed with the trial court, it does not appear that Foster argued this issue below. Furthermore, Foster first introduces this argument in his reply brief. We will not consider it.[13]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED OCTOBER 2, 2003 — 

*Larry E. Stewart*, for appellant.
*Freeman, Mathis & Gary, Benton J. Mathis, Jr.*, for appellees.

---

[11] See *S & A Indus. v. Bank Atlanta*, 247 Ga. App. 377, 381 (4) (543 SE2d 743) (2000).
[12] OCGA § 23-2-58.
[13] *Pfeiffer v. Ga. Dept. of Transp.*, supra.