### 45162.   HOLDEN v. PEOPLES, INC. OF ROME.

BELL, Chief Judge. Appellee, the assignee of a conditional-sale contract for an automobile, filed an affidavit of foreclosure. The vehicle was levied upon pursuant to the execution issued by the clerk of the trial court. The appellant filed an affidavit of illegality. The trial court granted appellee's motion for judgment on the pleadings.

The affidavit of foreclosure and the counter-affidavit of appellant do not raise any questions of fact. Appellant alleged in her affidavit of illegality that the contract was "usurious" on its face. An examination of the contract which is attached to the affidavit of foreclosure shows that it was drawn pursuant to the provisions of the Motor Vehicle Sales Finance Act (Ga. L. 1967, p. 674; *Code Ann.* § 96-1001 et seq.). Section 4 of the Act authorizes the imposition of prescribed finance charges upon defined classes of automobiles. In this case the authorized charge was $17 per $100 per year computed on the principal balance. Ga. L. 1967, pp. 674, 679 (*Code Ann.* § 96-1004 (a) and (b)). The principal balance as defined by the Act is the sum of the unpaid cash price and the amount for insurance and official fees. Ga. L. 1967, pp. 674, 677 (*Code Ann.* § 96-1003 (e) (6)). Applying this formula, the finance charges appearing on the face of the contract here are not excessive. In reaching this conclusion we have also considered the allegation that the charges for credit life insurance and insurance on the property caused the finance charges to be excessive. The Act specifically authorizes the seller to require charges for insurance and therefore this allegation has no substance. Ga. L. 1967, pp. 674, 675, 677, 679 (*Code Ann.* §§ 96-1002 (a) (4) (ii), 96-1002 (a) (8), 96-1003 (e) (4), 96-1004 (a)); *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (2) (154 SE2d 825). The appellee was entitled to judgment as a matter of law and the court properly granted the motion for judgment on the pleadings. *Gulf American Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED APRIL 6, 1970—DECIDED JUNE 24, 1970—
REHEARING DENIED JULY 24, 1970.

*John D. Edge,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Wilbur B. King, Rosemary Kittrell,* for appellee.