46492. PIKE v. UNIVERSAL C. I. T. CREDIT CORPORATION.

Submitted September 8, 1971—Decided November 19, 1971.

*Charles W. Hill, Francis M. Davis,* for appellant.

*Lee & Hitchcock, Sara L. Hitchcock,* for appellee.

DEEN, Judge. ■ The contract executed by plaintiff, attached to his complaint, contains provisions that would prohibit him from holding appellee assignee liable for breach of warranty, defective and improper construction and manufacture of the mobile home. There is no liability against appellee as to these contentions.

■ The Motor Vehicle Sales Finance Act (Ga. L. 1967, p. 674 et seq.; *Code Ann. Ch.* 96-10) includes trailers specifically in its definition of a motor vehicle (*Code Ann.* § 96-1002 (A1)) and subject to certain regulations allows these vehicles to be sold at a time price differential to be agreed upon between the buyer and seller. Since the mobile home which was the subject matter of this sale was on wheels and capable of being used as a trailer, and since in any event the time price restrictions of the Motor Vehicle Sales Finance Act are greater than those of the Retail Instalment and Home Solicitation Sales Act (Ga. L. 1967, p. 659; *Code Ann. Ch.* 96-9), in determining the question of whether the finance charge constituted usurious interest as contended we will treat the sale, as did the parties, as coming under the former.

The same question was considered in *Holden v. Peoples, Inc. of Rome,* 122 Ga. App. 269 (176 SE2d 516), where a usury plea was interposed on the foreclosure of a used motor vehicle sold at a time price differential. The court held: "Section 4 of the [Motor Vehicle Sales Finance] Act authorizes the imposition of prescribed finance charges upon defined classes of automobiles. In this case the authorized charge was $17 per $100 per year computed on the principal balance. Ga. L. 1967, pp. 674, 679 (*Code Ann.* § 96-1004 (a) and (b)). The principal balance as defined by the Act is the sum of the unpaid cash price and the amount for insurance and official fees." The contract here involves monthly payments over a 12-year period, figured at a rate of 7¼% per year on the principal balance, which is an allowable charge for a new vehicle and is in consequence not usurious

because not considered as interest but rather as compensation for the privilege of paying in instalment amounts.

Both the contract in *Holden* and the one here were executed prior to the 1970 amendment (Ga. L. 1970, p. 101) which somewhat changed the wording of former *Code Ann.* § 96-1003 (e) and placed it in the chapter as a new *Code Ann.* § 96-1004 (b). The term "principal balance" in the original Act has been changed to "unpaid balance" as used in Section 226.8 (c), Regulation Z, relating to the Truth in Lending Act as therein set out. Both terms refer to the same thing—that is, the balance arrived at by deducting from the cash price any down payment made and adding to that sum all other authorized charges and expenses except the finance charge itself. The finance charge is then figured as a given percentage of this unpaid (principal) balance per year throughout the lifetime of the instalment payments.

The trial court properly granted the motion of C. I. T. Corp. to be dismissed as a party defendant.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*