### 47606. LEACH v. MIDLAND-GUARDIAN COMPANY et al.

HALL, Presiding Judge. In an action to strike excessive finance charges and for breach of warranty, the plaintiff appeals from the orders granting summary judgment to

one defendant and dismissing the other for improper venue.

Plaintiff purchased a mobile home from defendant Guardian Mobile Homes in April of 1968. The terms were set out in a document entitled a "Customer's Order for Mobile Home, etc." which was, after execution by both parties, an effective sales contract. Plaintiff testified that this document was filled in when he signed it but that he also executed in blank a security agreement and promissory note which were to be completed according to the terms of the sales contract. The instruments were transferred to defendant Midland-Guardian Co., a finance company. Plaintiff made the monthly payments until November of 1971, when he brought this action.

Midland filed a motion to dismiss which, upon hearing, was treated as one for summary judgment and which the court granted. As the remaining party (Guardian) was not a resident of the county, the court subsequently dismissed it from the action.

1. Plaintiff contends the court erred in proceeding, over his objection, to receive evidence and consider the motion as one for summary judgment, without allowing him time to prepare his evidence as provided in *Code Ann.* § 81A-112 (b). We would agree except for two circumstances of this case which take it out of the rule. First of all, the plaintiff and an officer of the finance company were both present at the hearing, testified and were cross examined, and all relevant documentary evidence was identified and admitted. The evidence showed that there was no material issue of fact to be determined but only two questions of law. A Federal case directly on point held: "It would be useless procedure to reverse the District Court because it did not allow ten days to elapse from the time the motion was filed until it was heard, if only a substantive law question is involved." Oppenheimer v. Morton Hotel Corp., 324 F2d 766, 768. Therefore, if the court did err in proceeding with the motion for summary judgment, it was harmless error in this case. *Code Ann.* § 81A-161.

2. Plaintiff contends the security agreement and note were completed contrary to the sales contract. He apparently believes a charge for credit life insurance was not shown in the sales contract which he signed and offered into evidence. We can see it plainly. Since all the figures on all the documents are identical, the contention is without merit.

3. Plaintiff contends the finance charge is in excess of the 8 percent per year allowed by *Code Ann.* § 96-1004 (a). His computation is based on the figure designated in the forms as "principal balance" and "to be financed." The problem here is that as the form for the security agreement is laid out, the cost of the credit life insurance is not added to the items which go into the "principal balance" (now known as "unpaid balance") although this may be done legally. *Code Ann.* § 96-1004 (b); *Pike v. Universal C. I. T. &c. Corp.,* 125 Ga. App. 83 (186 SE2d 482). When the calculation is made with the amount of the insurance included in the unpaid balance, the finance charge is approximately six and one-half percent per year. See also *Holden v. Peoples, Inc. of Rome,* 122 Ga. App. 269 (176 SE2d 516).

4. Plaintiff apparently does not contend that the breach of warranty action would lie against the finance company as such, but rather that the documents "indicate" it was a party to the original sale. He does not indicate how the documents indicate this, however, and we cannot find anything to support the contention.

5. Plaintiff concedes that if the summary judgment for Midland is affirmed, then the dismissal of Guardian was proper.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
Argued November 7, 1972—Decided November 15, 1972.

*Fred A. Gilbert,* for appellant.
*Powell, Goldstein, Frazer & Murphy, James H. Keaten, Daniel M. Coursey, Jr.,* for appellees.