60845. JEM PATENTS, INC. v. FROST.

BANKE, Judge.

This is the second appearance of this case before this court. The appellant, Jem Patents, Inc., sued to collect the purchase price of merchandise which the appellee, Jack Frost, had allegedly contracted to purchase. The appellee denied liability, contending that no order had been placed and no contract had been made. At the first trial of the case, the court directed a verdict in favor of the appellee on the ground that the appellant had failed to introduce written evidence of the contract in compliance with § 2-201 (1) of the Ga. UCC. Code Ann. § 109A-2—201 (1). We reversed, holding that the appellant's invoices were sufficient to constitute written confirmation of the order and that, even if written confirmation were lacking, liability could also be predicated on evidence that the appellee had accepted the goods. See Code Ann. § 109A-2—201 (3) (c). *Jem Patents, Inc. v. Frost,* 147 Ga.

App. 839 (250 SE2d 547) (1978). Upon retrial of the case, the court again directed a verdict for the appellee, this time on the ground that the appellant had introduced conflicting evidence as to the existence of the contract. The appellant called two witnesses: its own president, whose testimony established a prima facie case for recovery, and the appellee himself, who denied that he had ever placed an order or accepted the goods. *Held:*

"The rule is well established that neither the plaintiff's recovery nor his right to prevail as to a particular issue is defeated because there is a material conflict in the testimony of his witnesses and the version given by some of them does not support his cause or contention. *Henry v. Etowah Dredging Co.,* 141 Ga. 406 (81 SE 197)." *Emory University v. Lee,* 97 Ga. App. 680, 690 (104 SE2d 234, 243) (1958). Accord, *Cadranel v. Wildwood Const. Co.,* 101 Ga. App. 630 (4) (115 SE2d 415) (1960). "A party introducing a witness is not bound by his testimony and is not estopped from contending before the jury that the truth is otherwise than as testified by the witness." *Green v. Fairburn Banking Co.,* 29 Ga. App. 3 (113 SE 59) (1922).

The cases cited by the appellee are inapposite. In *Evans v. Josephine Mills,* 119 Ga. 448 (2) (46 SE 674) (1903), and *Farmers & Merchants Bank v. Stovall Invest. Co.,* 50 Ga. App. 277 (177 SE 882) (1934), the plaintiffs established a prima facie case but then went on to introduce evidence which established an uncontroverted defense. In *Evans & Pennington v. J. S. Scofield's Sons Co.,* 120 Ga. 961 (48 SE 358) (1904) and *Linder v. Renfroe,* 1 Ga. App. 58 (57 SE 975) (1907), the problem with the plaintiff's witnesses was not that they contradicted each other but that they contradicted *themselves* on cross examination. Similarly, in *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524) (1967), a plaintiff's affidavit was held insufficient to create a material issue of fact where he had testified differently on deposition.

The conflict in this case between the appellant's president and the appellee over whether or not there was a contract did not authorize the grant of a directed verdict but instead set forth the central issue to be resolved by the jury. The judgment of the trial court is accordingly reversed.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED OCTOBER 9, 1980 — DECIDED NOVEMBER 4, 1980.

*Frank L. Derrickson,* for appellant.
*E. C. Harvey,* for appellee.