## 39713. KING v. INGRAM.

Hill, Chief Justice.

Summary judgment was granted to defendant, Mrs. Ingram, in this land line dispute. The plaintiff, Mrs. King, appeals.

Mrs. King filed this suit seeking to enjoin further trespass and the erection of a fence by her neighbor, Mrs. Ingram. Mrs. King's husband had filed a similar suit in 1965 at which time the trial court had enjoined both parties from moving or removing any of the fences, monuments and other landmarks along their common boundary, but that suit was never terminated. The present complaint was prompted by the placing of posts for a new fence by a surveyor hired by Mrs. Ingram.

At the temporary injunction hearing in this case, plaintiff's son and daughter testified that their father and the defendant had entered into an oral agreement about the boundary line sometime prior to the filing of the first lawsuit, and that the defendant had since then moved some of the iron pins and had added others, and that plaintiff's family had cut the grass and clipped the hedges in the area in which the defendant was now erecting her fence. The surveyor hired by the defendant was then called by the plaintiff. He testified that after studying the deeds and the physical indices along the boundary, he had prepared a plat fixing the lot line, which plat was then introduced into evidence by the plaintiff. The defendant said she agreed with this line also. The trial court then denied the temporary injunction and asked the attorneys to submit briefs on the defendant's motion for summary judgment. After considering the briefs, the defendant's motion for summary judgment was granted.

The defendant argues on appeal that since the surveyor presented evidence on behalf of the plaintiff, the plaintiff is bound by his testimony, that she (the defendant) agrees with the line as established by the surveyor, and that, therefore, summary judgment is appropriate.[1] The plaintiff counters claiming that taken together her evidence presents genuine issues of fact for a jury and that she is not bound by the testimony of only one witness, even an expert. We

---

[1] The trial court also found that plaintiff's suit was barred by laches for failing to pursue the 1965 suit. However, the land line was never established in that suit and no permanent injunction issued. Since this is a separate suit arising out of separate and recent incidents, we find the doctrine of laches, as such, inapplicable.

agree. E.g., *Emory University v. Lee,* 97 Ga. App. 680, 690 (104 SE2d 234) (1958); see also *Jem Patents, Inc. v. Frost,* 156 Ga. App. 311, 312 (274 SE2d 707) (1980).

As was said in a concurring opinion by this writer in *Leventhal v. C. & S. Nat. Bank,* 249 Ga. 390, 394 (291 SE2d 222) (1982): "In suits for injunction . . . counsel should consider not making motions for summary judgment, where the finding of a genuine issue of material fact following a time consuming appeal necessitates a trial. Because such suits are tried nonjury, time and expense can be saved by letting the trial court conduct the trial. . . . On appeal from a trial granting or denying an injunction . . . the issue is whether there is any evidence to support the trial judge's decision. On the other hand, on appeal from the grant or denial of a motion for summary judgment, the issue is whether there is any genuine issue of fact. These differences in the issues on appeal make a significant difference in the way an appeal is decided.

"Similarly, to save time and expense in nonjury cases, trial judges hearing motions for summary judgment might consider suggesting to the attorneys that they submit the case for final decision, compare Code Ann. § 81A-165 (a) (2) [Harrison, 1933] [OCGA § 9-11-65 (a) (2)], rather than for decision on the motion for summary judgment. See Code Ann. § 81A-140 (b) [Harrison, 1933] [OCGA § 9-11-40 (b)]. This will expedite final resolution of the case."

This is precisely the situation here. Since issues of fact remain, summary judgment is inappropriate, and the trial court's ruling must be reversed. Had the trial court consolidated the hearing on the temporary injunction and the trial on the merits and made a ruling thereon, as provided in OCGA § 9-11-65 (a) (2) (Code Ann. § 81A-165), *Miller v. Wells,* 235 Ga. 411, 417 (219 SE2d 751) (1975), this appeal could have proceeded on the merits. As it now stands, the trial court must hold another hearing to consider additional evidence, although it need not rehear that already presented. OCGA § 9-11-65 (a) (2) (Code Ann. § 81A-165).

*Judgment reversed. All the Justices concur, except Clarke, J., not participating.*

DECIDED MAY 3, 1983.

*Franklin Elmo Remick,* for appellant.
*W. Ashley Hawkins, Edward Wohlwender, Jr.,* for appellee.