### 40515. WALLIS et al. v. TRUSTEES, SUGAR HILL UNITED METHODIST CHURCH et al.

GREGORY, Justice.

Appellants filed suit against appellees for specific performance of a real estate contract. Thereafter, appellants sought an interlocutory injunction to prevent appellees from conveying or encumbering the subject property. At the hearing on the application for injunction appellants offered a number of exhibits, including those sections of the Book of Discipline of The United Methodist Church which establish mandatory procedures to be followed when a church acquires or conveys real estate. Appellees then made a motion to dismiss appellants' petition, alleging that it failed to state a claim on which relief could be granted. The trial court granted appellees' motion to dismiss, finding that the Book of Discipline was not complied with and that the attempted sale of the subject property to appellants by certain church trustees was unauthorized.

We must reverse. "If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

disposed of as provided in Code Section 9-11-56 (Code Ann. § 81A-156), and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56 (Code Ann. § 81A-156)." OCGA § 9-11-12(b) (Code Ann. § 81A-112). The Book of Discipline was offered as an exhibit at the hearing on the interlocutory injunction and was the basis of the trial court's decision to grant appellees' motion to dismiss. Under these circumstances the motion to dismiss was converted to a motion for summary judgment and appellants were entitled to have the notice requirements of OCGA § 9-11-56(c) (Code Ann. § 81A-156) met. *Deller v. Smith,* 250 Ga. 157 (296 SE2d 49) (1982); *Newsome v. City of Union Point,* 249 Ga. 434 (291 SE2d 712) (1982).

At the hearing on the motion to dismiss,[1] relying on testimony offered at the hearing on the interlocutory injunction, appellants argued that the requirements of the Book of Discipline had been complied with. We are unable to determine from this record whether the evidence raises an issue of fact with regard to this matter. However, we recognize that appellants must be afforded the opportunity to present evidence pertinent to this determination. OCGA § 9-11-12(b) (Code Ann. § 81A-112). Unlike the situation in *Leach v. Midland-Guardian Co.,* 127 Ga. App. 562, 563 (194 SE2d 260) (1972), we cannot ascertain whether "all relevant documentary evidence was identified and admitted" in this case, and we cannot determine whether the church took the necessary actions to comply with the Book of Discipline. Nor are we able to say that appellants were not harmed by the failure to comply with OCGA § 9-11-56(c) (Code Ann. § 81A-156).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 25, 1984.

*L. Thomas Cain, Jr.,* for appellants.
*Garner & Kilgore, H. Patterson Garner, Cheeley & Chandler, Robert D. Cheeley,* for appellees.

---

[1] The hearing on the motion to dismiss was conducted eight days after appellees filed their motion.