40367. CHARMING SHOPPES, INC. et al. v. BLACK et al.
40368. HART, SCHAFFNER & MARX v. BLACK et al.

CLARKE, Justice.

This is an appeal of a partial summary judgment granted to landlords in a dispute with a tenant. The landlords contend the tenant violated the terms of its leases and that the leases are subject to termination. The trial court granted partial summary judgment, finding breaches of the leases and also holding against the motion of a related corporation that it be dismissed from the action. However, the prayer for interlocutory injunction was denied because of a finding that a remedy at law exists. The landlords do not appeal this portion of the order, but the tenant appeals the summary judgment.

The primary issue argued by the parties is whether the transfer of all of the shares of a subsidiary corporation from one parent corporation to another parent corporation amounts to an assignment of the leasehold interest. We do not reach this issue because we hold that the summary judgment was granted without adequate notice and opportunity for hearing.

When this case came before the court for a hearing on a prayer for interlocutory injunction, the court asked if the application for injunction could be treated as a motion for summary judgment. However, the court made no positive announcement during the course of the hearing that such treatment would be given to the matter. In a supplemental brief, the landlords requested that the application for injunction be converted into a motion for summary judgment, but no motion for summary judgment was ever filed. The tenant and related corporations advised the court that they oppose the conversion into a summary judgment proceeding.

A trial court has the authority to convert an application or interlocutory injunction into a motion for summary judgment. However, it cannot do so without compliance with the provisions of OCGA § 9-11-56 (c) (Code Ann. § 81A-156). This section requires thirty days notice and an opportunity for hearing at the end of thirty days. During the interlocutory injunction hearing, the court inquired whether the issue of the effect of the share transfer upon the lease could be treated on summary judgment. When assured by counsel for the landlords that it could, the court explained that it was trying to explore different possibilities. Counsel for tenant made no statement relating to the court's inquiry. This was the only indication that the court might issue a partial summary judgment and does not constitute notice. Further, there was no opportunity for a hearing on summary judgment. The requirements of OCGA § 9-11-56(c) (Code Ann. § 81A-156) were not met, and the grant of partial summary

judgment must be reversed. *Wallis v. Trustees, Sugar Hill United Methodist Church,* 252 Ga. 51 (310 SE2d 915) (1984); *Riverhill Community Assn. v. Cobb County Board of Commrs.,* 236 Ga. 856 (226 SE2d 54) (1976); *Royston v. Royston,* 236 Ga. 648 (225 SE2d 41) (1976); *Ferguson v. Miller,* 160 Ga. App. 436 (287 SE2d 363) (1981).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1984.

*Troutman, Sanders, Lockerman & Ashmore, Daniel S. Reinhardt, William N. Withrow, Jr., Norman L. Underwood,* for appellants (case no. 40367).

*Gambrell & Russell, David A. Handley, Hugh M. Worsham, Jr.,* for appellant (case no. 40368).

*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, Frank Love, Jr., Gambrell & Russell, Hugh M. Worsham, Jr., Troutman, Sanders, Lockerman & Ashmore, Daniel S. Reinhardt, William N. Withrow, Jr., Norman L. Underwood,* for appellees.