41289. LEVERICH et al. v. RODDENBERRY FARMS, INC.

(321 SE2d 328)

CLARKE, Justice.

Appellee Roddenberry Farms, Inc., made extensive improvements to its farm in Seminole County during a period between 1972 and 1975. Appellants filed suit in 1981 seeking to enjoin what they contend is a continuing nuisance caused by water, fertilizer and chemicals running onto their property. On October 10, 1983, Roddenberry Farms moved for summary judgment arguing that laches barred appellants' claim for injunction. The motion was heard on October 17, 1983. The court ruled in March 1984, granting summary judgment to Roddenberry Farms. In June, after the appeal had been filed, the court, noting that it had not allowed the statutory thirty days' notice prior to the summary judgment hearing, signed an order nunc pro tunc allowing thirty days from October 17, 1983 for submission of supplementary materials.

We reverse. A motion for summary judgment must be served at least 30 days before the time fixed for the hearing. OCGA § 9-11-56 (c). Appellants were entitled to the notice prescribed by the statute. *Wallis v. Trustees, Sugar Hill United Methodist Church,* 252 Ga. 51 (310 SE2d 915) (1984); *Smith v. Conley,* 152 Ga. App. 589 (263 SE2d 453) (1979). We do not view this as one of those cases where summary judgment is so clearly mandated that appellants can show no harm in the court's failure to follow the proper procedure. *Premium Distributing Co. v. Nat. Distributing Co.,* 157 Ga. App. 666 (278 SE2d 468) (1981).

The nunc pro tunc order does not cure the lack of notice of hearing and opportunity to respond because the case was already on appeal when the order was entered. We hold that appellant must have thirty days' notice of hearing and opportunity to respond. Therefore, this case is remanded for further proceedings consistent with this opinion.

We do not favor motions for summary judgment in injunction cases. *King v. Ingram,* 250 Ga. 887 (302 SE2d 105) (1983). In this case judicial economy would have been better served had the court taken the occasion to consider the injunction on the merits in the first instance. This is so because the issue of the presence of a question of

material fact would have been removed by the factfinder's ruling. The appeal could then have proceeded upon the merits.

*Judgment reversed and remanded. All the Justices concur, except Hill, C. J., who concurs specially.*

DECIDED OCTOBER 11, 1984.

*Ronnie Joe Lane,* for appellants.
*Robert B. Langstaff,* for appellee.

HILL, Chief Justice, concurring specially.

Although I concur in the judgment of reversal, I do so for reasons different from those stated by the majority.

The defendant's motion for summary judgment was heard on October 17, 1983. However, the plaintiff had well over 30 days thereafter in which to file supplementary materials before the court granted the motion in March 1984. Moreover, as I read the June 1984, nunc pro tunc order, it put on the record that at the October 17, 1983, hearing the plaintiff had been allowed 30 days in which to file supplementary materials. I do not read that order, as do the majority, as purporting in June 1984, to give the defendant the right to file supplementary materials within 30 days of October 17, 1983.

However, as I find genuine issues of material fact and no basis for sustaining the defense of laches as to a continuing nuisance, I concur in the reversal of the grant of summary judgment to the defendant.