## A90A0318. ADAMS v. COLLINS et al.
### (392 SE2d 549)

Sognier, Judge.

Evelyn Adams brought suit against the City of Marietta ("the City") and its Police Chief, Claud Collins, seeking to recover damages for the wrongful death of her son, a Marietta police officer who, while on temporary assignment in the City of Hawkinsville, was shot and killed during a narcotics undercover operation. The trial court granted summary judgment in favor of the City and Collins, and Adams appeals.

The following facts are undisputed. Appellant's son, Harvey J. Adams, Jr. (hereinafter Adams), was hired by appellee City's Police Department in September 1985 and was working as a City police officer in August 1986 when his services were lent to the City of Hawkinsville to assist in an undercover drug investigation. The loan was under the auspices of a program known as Locals to Help Locals, which is administered by the Georgia Crime Prevention Council, and whose purpose is to provide agents who are unknown locally to law enforcement agencies conducting short term undercover investigations. The program's policies and procedures are set forth in writing, and paragraph II (3) of that document provides that "[t]he lending agency in the program would continue to provide the salary of the officer and . . . be responsible under Workmen's Compensation for injuries received by the officer while on loan to the receiving agency." While Adams was in Hawkinsville, appellee City continued to pay him and provide benefits. Appellee City also reserved the right to recall Adams from Hawkinsville at any time.

When Adams was shot and killed, the City's workers' compensation carrier paid Adams' funeral expenses and, because Adams left no dependents as that term is defined under the Workers' Compensation Act, OCGA § 34-9-1 et seq., ("the Act") benefits were paid to the Georgia Subsequent Injury Trust Fund.

1. In several enumerations appellant contends the trial court erred by granting summary judgment to appellees on the basis that this suit was barred by the exclusive remedy provisions of OCGA § 34-9-11. Although appellant raises numerous arguments aimed at showing that the City was not Adams' "employer" within the meaning of the Act, all of which we have examined carefully, we find that even if any or all of appellant's arguments are correct, they cannot avail appellant given the City's contractual undertaking to provide workers' compensation coverage for Adams while he was working in Hawkinsville. OCGA § 34-9-11 specifically provides that workers' compensation is the exclusive remedy against "any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the

fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits," and consequently it is the exclusive remedy for appellant in this situation regardless of whether the City was Adams' "employer" at the time of his death.

2. Appellant also contends the statute presents no bar to this tort action because Adams' death was not compensable under the Act. Appellant argues that nothing Adams was doing at the time of his death benefited the City, and thus, Adams' death did not arise out of or in the course of his employment. We find no merit in this contention. All participants in the Locals to Help Locals Program benefited from being able to borrow unfamiliar undercover agents from other participating jurisdictions when needed. In fact, shortly before the City was asked to provide an officer to Hawkinsville, it had borrowed a police officer from Augusta for the same purpose. Moreover, because of our holding in Division 1, even if Adams' activities at the time of his death benefited only the City of Hawkinsville, workers' compensation would be the exclusive remedy in this situation by virtue of the City's contractual obligation to provide workers' compensation coverage.

3. Because the trial court correctly granted summary judgment in favor of appellees based on the exclusive remedy provisions of OCGA § 34-9-11, we need not address appellant's remaining contentions regarding the alternative bases for the grant of summary judgment.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 20, 1990 —

*Michael J. Kramer*, for appellant.

*Downey, Cleveland, Parker & Williams, Joseph C. Parker, Rodney S. Shockley, Steven A. Westby, Randall H. Davis, Neely & Player, Andrew J. Hamilton*, for appellees.