In the Supreme Court of Georgia

Decided: September 22, 2014

S14A0620.  LOUISE SHORTER BARZEY v. CITY OF CUTHBERT.

NAHMIAS, Justice.

Appellant Louise Shorter Barzey challenges the constitutionality of the provisions in the Workers' Compensation Act, OCGA §§ 34-9-1 to 34-9-421, that preclude her, as a non-dependent parent, from recovering benefits for the death of her son, Deron Shorter, from his employer, the City of Cuthbert. We affirm the trial court's ruling that the Act's limitation on the recovery of non-dependent heirs does not violate Barzey's constitutional rights to due process and equal protection.

1.      Shorter was killed in 2010 while acting in the course of his employment with the City. He was 37 at the time of his death, was not married, and had no dependents. His mother Barzey is his only heir at law.

After Shorter's death, Barzey filed a lawsuit against the City, seeking a judgment declaring that she has the right to sue the City under OCGA §§ 34-7-

20 and 19-7-1 (c).[1] Barzey acknowledged that the Workers' Compensation Act provides the exclusive remedy of an employee's heirs for the employee's death during the course of his employment.[2] She also acknowledged that the Act expressly says that the compensation for a deceased employee "shall be payable only to dependents and only during dependency." OCGA § 34-9-265 (c). See also OCGA § 34-9-265 (b) (1) (providing that reasonable expenses for the burial of an employee killed in the course of employment "shall be the only compensation" when "the employee leaves no dependents"). In response to the clear bar to her claim erected by the Workers' Compensation Act, Barzey asserted that the Act as applied to her situation violates her constitutional rights

---

[1] OCGA § 34-7-20 requires an employer to exercise ordinary care in selecting competent employees and furnishing safe machinery. OCGA § 19-7-1 (c) (1) provides: "In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51." In addition, OCGA § 19-7-1 (c) (3) says:

> The intent of this subsection is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child. If, in any case, there is no right of action in a parent or parents under the above rules, the right of recovery shall be determined by Code Section 51-4-5.

Chapter 4 of Title 51 provides for recovery by the administrator or executor of a decedent.

[2] Under OCGA § 34-9-11 (a), "[t]he rights and the remedies granted to an employee by [the Workers' Compensation Act] shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death," with exceptions not applicable here.

to due process and equal protection by precluding her, as Shorter's non-dependent heir, from bringing a claim to recover for his death.

On March 30, 2012, Barzey filed a motion for judgment on the pleadings, which the trial court treated as a summary judgment motion and denied on April 2, 2013. On October 8, 2013, the City filed a motion for summary judgment. Neither party requested oral argument on the motion pursuant to Uniform Superior Court Rule 6.3, and no hearing was held. On October 21, 2013, the trial court issued an order granting the City's summary judgment motion. In the order, which in substance tracked the court's April 2013 order, the court ruled that "[a]ll claims that the Georgia Worker's Compensation Act violate[s] the 5th and 14th Amendments to the United States Constitution have no legal basis and are meritless." Barzey filed a response to the City's summary judgment motion on October 23, 2013. She then filed a timely direct appeal to this Court, see OCGA § 9-11-56 (h) (authorizing the direct appeal of "[a]n order granting summary judgment on any issue"), invoking our exclusive appellate jurisdiction over "all cases in which the constitutionality of a law . . . has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (2).

3

2. We begin by considering whether this appeal is properly decided by this Court rather than by the Court of Appeals. The City argues that we lack subject matter jurisdiction because in the trial court, Barzey failed to designate with sufficient precision the provisions of the Constitution she claims are violated, making only "vague references to equal protection and due process" and not engaging in any "meaningful constitutional analysis." Jurisdiction is proper here, however, because Barzey asserted in the trial court that the Workers' Compensation Act provisions limiting her recovery for her son's death violate her rights to due process and equal protection; the court explicitly ruled on her federal constitutional claims; Barzey enumerates that ruling as error on appeal; and this Court has not previously decided these constitutional challenges to the Act. See Jenkins v. State, 284 Ga. 642, 644 (2008) ("By raising the constitutional issue and obtaining a distinct ruling from the trial court, and then raising the matter on appeal in an enumerated error, [the appellant] has properly invoked this Court's constitutional question jurisdiction."). Compare Zepp v. Mayor & Council of City of Athens, 255 Ga. 449, 450 (1986) ("Where a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional

4

provisions and jurisdiction of the appeal is in the Court of Appeals.").

Barzey's challenge is limited on appeal, however, to her claims under the United States Constitution. Although her brief here, like her pleadings in the trial court, includes a passing reference to the due process guarantee in the Georgia Constitution, she does not cite our State's equal protection provision, she does not argue any Georgia constitutional authority, and the trial court's ruling mentioned only claims under the United States Constitution. Thus, no claims under the state constitution are properly presented for appellate review.

3. Barzey also now contends that we should not decide the merits of her constitutional claims, not because we lack jurisdiction to do so but rather because the trial court violated Uniform Superior Court Rule 6.2 by granting the City's motion for summary judgment before her time to respond to that motion expired. She wants us to reverse and remand the case to the trial court for reconsideration of the motion after allowing her proper time to respond. We agree that the trial court erred in granting the City's summary judgment motion only 13 days after it was filed and before Barzey submitted a response, but we disagree that reversal of that ruling is required.

Rule 6.2 says that, "[u]nless otherwise ordered by the judge or as provided

by law, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." With respect to summary judgment motions, Rule 6.2 overlaps with OCGA § 9-11-56 (c), which requires that a motion for summary judgment be served "at least 30 days before the time fixed for the hearing," a requirement that has been understood as normally allowing the opposing party 30 days to respond to such a motion before the court decides it, even in the absence of a request for an oral hearing under Rule 6.3 (as occurred in this case). See Jacobsen v. Muller, 181 Ga. App. 382, 382-383 (352 SE2d 604) (1986) (explaining the interaction of § 9-11-56 (c) and Rules 6.2 and 6.3). Accordingly, the trial court here jumped the gun by ruling on the City's summary judgment motion 13 days after it was filed, before Barzey's deadline for responding had passed.

We have held, however, that a ruling on a motion that is premature under Rule 6.2 does not require reversal absent a showing by the appellant of how she was harmed by the error. See Garnett v. Murray, 281 Ga. 506, 507 (639 SE2d 475) (2007). Likewise, we have explained that a trial court's ruling on a summary judgment motion less than 30 days after it was served, in violation of

6

§ 9-11-56 (c), would not require reversal "where summary judgment is so clearly mandated that appellant can show no harm in the [trial] court's failure to follow the proper procedure." Leverich v. Roddenberry Farms, Inc., 253 Ga. 414, 414 (321 SE2d 328) (1984). See also Stallings v. Synovous Bank, 326 Ga. App. 572, 572-573 (757 SE2d 187) (2014) (explaining that an order granting summary judgment entered prematurely under § 9-11-56 (c) requires reversal if the reviewing court cannot determine from the record that the defenses to the motion "are wholly meritless or frivolous" or if the respondents "may have had some evidence to support their defenses"); Cohen v. William Goldberg & Co., Inc., 202 Ga. App. 172, 182 (413 SE2d 759) (1991) (stating that under USCR 6.2 and § 9-11-56 (c), "the entry of summary judgment without allowing the full 30 days to respond is not always reversible error when the record establishes that summary judgment was proper as a matter of law, so that the respondents could show no harm resulting from the procedural error"), reversed on other grounds, 262 Ga. 606 (423 SE2d 231) (1992).

In this case, the outcome of the City's summary judgment motion turns entirely on questions of law; the material facts are undisputed, and Barzey has pointed to no additional relevant evidence that she would have submitted, or

even could have submitted, if she had been given the full 30 days to respond to the motion. Moreover, we know from the response Barzey actually filed two days after the trial court ruled that her defense to the summary judgment motion was merely to reiterate the same legal arguments about the alleged unconstitutionality of the Workers' Compensation Act that the trial court had considered and rejected when it denied her summary judgment in its April 2013 order, the operative language of which the court repeated in the ruling now under review. Barzey repeats the same legal arguments on appeal; as discussed below, those arguments are wholly meritless. Thus, it is clear that the trial court's failure to give Barzey the full 30 days to file her response to the City's summary judgment motion caused her no harm and does not require reversal of the court's ruling. We may therefore proceed to decide Barzey's constitutional claims.[3]

---

[3] It is worth noting that Barzey twice tried to have her claims decided by this Court before starting her current appeal with a request to remand the case and delay such a decision. After the trial court denied Barzey summary judgment on her constitutional claims in April 2013, she sought immediate review of those claims – the same claims before us today – but we denied her interlocutory application to appeal on July 1, 2013. In addition, on September 24, 2013 – two weeks before the City filed its summary judgment motion – Barzey filed a motion asking the trial court to immediately certify the constitutional questions she raised to this Court, even though no procedure exists for a Georgia trial court to certify a question to this Court. Compare Ga. Const. of 1983, Art. VI, Sec. V, Par. IV ("The Court of Appeals may certify a question to the Supreme Court for instruction, to which it shall then be bound."), and Art. VI, Sec. VI, Par. IV ("The Supreme Court

4.      Barzey contends that the Workers' Compensation Act violates her federal constitutional rights to due process and equal protection by precluding her, as a non-dependent parent, from recovering from her son's employer for his death during the course of his employment.  The trial court rejected this contention, and we see no error in that ruling.

(a)      Barzey's due process and equal protection challenges to the Act involve no fundamental right or suspect class, so we examine them under the lenient "rational basis" test.  See State v. Nankervis, ___ Ga. ___, ___ (___ SE2d ___) (Case No. S14A0513, decided June 30, 2014) (2014 WL 2924864, *2).  Under this test, a statute does not violate due process in substance as long as it "bear[s] a rational relationship to a legitimate objective of the government." Id.  Similarly, to survive an equal protection challenge, "'the classifications drawn in the statute [must] bear a rational relationship to a legitimate end of government not prohibited by the Constitution.'" Id. (citation omitted).  "In the arena of social welfare and economics, a statute is not rendered unconstitutional

_____

shall have jurisdiction and authority to answer any question of law from any state appellate or federal district or appellate court.").  The trial court summarily denied Barzey's certification motion on the same day it granted summary judgment to the City, and Barzey ironically now asks us *not* to decide the questions she wanted certified to us.

9

merely because its classifications are imperfect; [if] the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality." Ga. Dept. of Human Resources v. Sweat, 276 Ga. 627, 630 (580 SE2d 206) (2003) (internal quotation marks omitted).

Although this Court has not previously ruled on the constitutionality of excluding non-dependent heirs from recovery under our Workers' Compensation Act, courts in many other jurisdictions have considered similar challenges to similar acts. Those courts have consistently held that the legislature may rationally decide to direct workers' compensation resources to those who are dependent on deceased employees and limit the recovery of non-dependents, and thus the distinction between dependents and non-dependents does not violate federal or state constitutional rights to due process and equal protection. As the Alaska Supreme Court concluded after surveying the case law in this area,

> The fact that [the estates of deceased workers with dependents] are entitled to favored treatment, over the estates of workers leaving no dependents, reflects a legislative determination that the former require greater compensation, because of the need to replace the income that provided support for those dependent upon the

10

deceased worker prior to his death. This determination, in our judgment, is entirely reasonable.

Taylor v. Southeast-Harrison Western Corp., 694 P2d 1160, 1162 (Alaska 1985). See also Walters v. Flathead Concrete Prods., Inc., 249 P3d 913, 921-922 (Mont. 2011) ("Out of available resources, the Legislature logically directed wage loss benefits to those persons who depended upon [those wages], and paid a small amount to those who did not."); Yarchak v. Munford, Inc., 570 S2d 648, 650 (Ala. 1990) (concluding that limiting recovery under a workers' compensation act to dependents is "rationally related to a legitimate state interest: to provide, after an employee's death, only for those individuals who were dependent upon the decedent's salary when he or she was alive").

We are persuaded by the reasoning of these cases, and we accordingly hold that because the Workers' Compensation Act's differing treatment of dependent and non-dependent heirs is not irrational and serves the legitimate government purpose of workers' compensation, the Act's limitation on recovery by non-dependent heirs does not violate the due process or equal protection rights guaranteed by the United States Constitution.

(b)    To the extent that Barzey contends that the Workers'

11

Compensation Act unconstitutionally conflicts with the statutory right to recover for her son's death provided by OCGA § 19-7-1 (c) (1), see footnote 1 above, this argument also fails. Pretermitting whether § 19-7-1 (c) would have entitled Barzey to recover for Shorter's death had it not occurred in the course of his employment, "'[t]he power of the legislature to create, modify or abolish rights to sue has been clearly and repeatedly recognized by both the U.S. Supreme Court and by this Court.'" Couch v. Parker, 280 Ga. 580, 582 (630 SE2d 364) (2006) (citation omitted). At the time of Shorter's death, OCGA § 34-9-11 (a) clearly limited recovery from an employer for an employee's death to the remedies provided in the Workers' Compensation Act, and § 34-9-265 clearly limited recovery under the Act to dependents, except for burial expenses. Barzey had no constitutional entitlement to sue the City for her son's death. See Couch, 280 Ga. at 582 ("'States are free to create immunities and to eliminate causes of actions, and that legislative determination provides all the process that is due.'" (citation omitted)). See also West v. Zeibell, 550 P2d 522, 524-525 (Wash. 1976) ("The Fourteenth Amendment does not prevent a state from amending or entirely abolishing statutory remedies. Accordingly, the legislature is free to bar plaintiffs' right to recover for wrongful death . . . without

12

offending due process and equal protection guarantees." (citation omitted)). [4]

(c)    Finally, citing Adams v. Collins, 195 Ga. App. 36, 37 (392 SE2d 549) (1990), Barzey argues that the "subsequent injury trust fund codified in OCGA § 34-9-350 is unconstitutional" because it diverts death benefits "from the heirs of the decedent to an entirely different worker bearing no relationship to the antecedent death whatsoever."  This argument is unfounded.

To begin with, Barzey attacks a version of the Workers' Compensation Act that existed when Adams was decided in 1990 but was repealed long before her son died in 2010.  In 1995, the General Assembly replaced the provision that directed payment of benefits for deceased employees without dependents into the subsequent injury trust fund with a provision directing that the funds be paid to the state treasury.  See Ga. L. 1995, p. 642, §§ 11, 12; OCGA § 34-9-265 (f) (requiring that the workers' compensation insurer or self-insurer of a deceased employee who leaves no dependents "pay to the State Board of Workers' Compensation one-half of the benefits which would have been payable to [the

_____

[4] We note that Barzey's assertion that her right to recover for Shorter's death was guaranteed at common law is incorrect.  See Tolbert v. Maner, 271 Ga. 207, 208 (1999) ("There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation.").  Cf. Atlanta Oculoplastic Surgery, P.C. v. Nestlehutt, 286 Ga. 731, 736 (2010) (explaining that the legislature's authority to modify or abrogate the common law does not "empower[] the Legislature to abrogate constitutional rights that may inhere in common law causes of action" (original emphasis omitted)).

employee's] dependent or dependents or the sum of $10,000.00, whichever is less," which funds shall then be deposited in the general fund of the state treasury).

But Barzey's argument fails even if viewed as a challenge to the current Act, for the same reason her other due process and equal protection arguments fail: it is not irrational for the legislature to treat dependent and non-dependent heirs differently in deciding who is entitled to recover workers' compensation benefits after the death of an employee. There is also a rational basis for requiring employers to pay some amount of death benefits into the public treasury when an employee killed on the job leaves no dependents, as such payment provides an incentive to employers to maintain safe workplaces that would be diminished if an employer whose negligence caused the death of an employee could escape liability entirely if the employee had no dependents.

Judgment affirmed. All the Justices concur.