**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 25, 2022**

# In the Court of Appeals of Georgia

A22A0811. O'NEILL v. HAIRSTON.

PHIPPS, Senior Appellate Judge.

Defendant Rosemary O'Neill[1] appeals the trial court's grant of partial summary judgment to plaintiff Cheree Hairston in this boundary dispute between neighboring property owners. On appeal, O'Neill argues that the trial court erred in finding there are no genuine issues of material fact as to the boundary line location between the two properties and whether a fence she erected extends onto Hairston's property. For the reasons that follow, we agree and reverse.

---

[1] The defendant's name appears in the record as Rosemary O'Neal, but in an affidavit and the notice of appeal, she states that her last name is spelled O'Neill, and the parties both use the O'Neill spelling in their appellate briefs. We therefore use the O'Neill spelling in this opinion.

A trial court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). Thus, "on appeal from the grant or denial of a motion for summary judgment, the issue is whether there is any genuine issue of fact." *King v. Ingram*, 250 Ga. 887, 888 (302 SE2d 105) (1983). "When a plaintiff moves for summary judgment, [s]he has the burden of establishing the absence or non-existence of any defense raised by the defendant." *905 Bernina Avenue Coop. v. Smith/Burns LLC*, 342 Ga. App. 358, 361 (1) (802 SE2d 373) (2017) (citation and punctuation omitted). This Court reviews a grant or denial of summary judgment de novo, construing the evidence in the light most favorable to the nonmovant. Id.

So viewed, the evidence shows that O'Neill and Hairston are owners of adjoining real property. At some point, O'Neill erected a wooden fence that purportedly encroaches on Hairston's property. In August 2019, Hairston sued O'Neill. The complaint sought (1) a declaratory judgment finding that, among other things, O'Neill's fence is located on Hairston's property, (2) an injunction barring O'Neill from trespassing on Hairston's property, (3) damages for trespass, and (4) attorney fees. Hairston included with her complaint a survey from a registered land surveyor dated May 30, 2019, purportedly depicting the boundary line between the

2

parties' properties. O'Neill answered and counterclaimed for damages allegedly resulting from Hairston allowing her dogs to roam in O'Neill's yard. O'Neill also requested bad faith attorney fees.

In July 2021, Hairston moved for summary judgment, claiming she was "entitled to judgment as a matter of law on the issues of location of the boundary line between the properties, trespass, and injunctive relief." She also argued that O'Neill's fence constitutes a "spite" fence, erected solely to injure her. Hairston attached to her motion a copy of the May 30, 2019 land survey purportedly marking the boundary line between the parties' properties, as well as an affidavit averring that O'Neill erected the fence on Hairston's property and that the fence blocks access to her property.

O'Neill responded to Hairston's motion. Her response included an affidavit and photographs that she claimed "show colored surveyor flags marking the boundary line and [also] show the wooden fence is on [her] side of the [property] line."[2] In her affidavit, O'Neill averred as follows: (a) she has "personal knowledge of the corners of the property that [she] own[s] from living there for about 19 years"; (b) a number

_____

[2] O'Neill also included in her responses to discovery a number of photographs of the properties at issue, including photographs of colored surveyor flags, the fence, and a pulled string she claims marks the property boundary line.

of years earlier, Hairston's husband hired a surveyor who installed a marker stake with red tape between Hairston's property and O'Neill's property; (c) the marker stake purportedly is shown on Hairston's submitted survey "as a diamond shape"; (d) O'Neill tied a string to the marker stake and pulled the string to the corner of Hairston's property labeled "point of beginning" on Hairston's survey; (e) photographs showing the marker stake and the pulled string (attached to O'Neill's affidavit) show that O'Neill's fence does not encroach on Hairston's property. According to O'Neill's affidavit, her photographs show that the fence is on her side of the property line. O'Neill also testified by deposition that the fence is on her side of the property line and that she received permission from the city building inspector to erect the fence.

In addition to this evidence, O'Neill submitted during discovery a 1994 survey, as well as a February 6, 2019 survey by the same land survey company that performed the May 2019 survey. O'Neill argued at the motion for summary judgment hearing that the February 2019 survey contains "some differences" from the May 2019 survey.

The trial court held a hearing and granted partial summary judgment to Hairston, finding as follows: (1) the May 30, 2019 survey presented by Hairston

4

"accurately reflects the location of the boundary lines between the parties' respective properties"; (2) O'Neill's fence extends beyond the boundary of her property and onto Hairston's property; and (3) the portion of the fence extending onto Hairston's property constitutes a trespass. The court ordered O'Neill to remove the portion of her fence extending onto Hairston's property and enjoined O'Neill from trespassing on Hairston's property or blocking access to Hairston's property from the main road. The court found that Hairston was entitled to a jury trial on compensatory damages, denied Hairston's motion for summary judgment as to whether the fence constitutes a "spite" fence, and specifically stated that it was not addressing O'Neill's counterclaims. O'Neill appeals the trial court's ruling that her fence extends beyond the boundary of her propery.

In related enumerations of error, O'Neill asserts that the trial court erred in finding there are no genuine issues of material fact regarding the location of the boundary line and whether her fence extends onto Hairston's property. According to O'Neill, the trial court improperly rejected her evidence and gave conclusive weight to Hairston's evidence. We agree.

5

In Georgia, surveys or plats made by a county surveyor pursuant to OCGA § 36-7-12 are presumptive evidence of the facts set out therein.[3] However, if a survey does not meet the requirements of OCGA § 36-7-12, "it carries no presumptive value as evidence of the facts, although, if verified by oral testimony, it is admissible as a part of and as illustrative of such oral testimony for whatever it may be worth." *Durden v. Kerby*, 201 Ga. 780, 782 (1) (41 SE2d 131) (1947). This rule

> is in accord with the generally accepted practice of admitting plats or diagrams for whatever they may be worth; not as original, independent evidence, but on the theory that they are nothing more than verified pictorial representations of matters about which the witness has properly testified, and as being a desirable expediency by which to illustrate the witness's testimony as to the location of the land thus represented.

Id.; accord *Clark v. Stafford*, 239 Ga. App. 69, 70 (522 SE2d 6) (1999).

Here, Hairston does not assert that her survey was conducted in accordance with OCGA § 36-7-12. She, nonetheless, maintains that the trial court properly granted her summary judgment because "it is a verifiable uncontroverted fact that

---

[3] OCGA § 36-7-12 provides: "Surveys or plats of lands within his county, made by the county surveyor under order of court and on notice to all the parties, signed by him officially, and stating the contents, courses, and distances of any land surveyed by him are presumptive evidence of the facts if all the requisites of the law touching such surveys and the reports thereof are complied with."

6

[O'Neill's] fence . . . extends onto [her] property[.]" According to Hairston, regardless of the testimony and picture exhibits tendered by O'Neill, O'Neill failed to demonstrate a "genuine" material issue of fact. Without citing any authority, Hairston argues on appeal that "[t]he simple fact that a given legal issue may have contradictory evidence involved, such as conflicting testimony, conflicting pictorial depictions and even perhaps conflicting plats and maps, may be sufficient to establish a dispute of material fact, but that is not enough. It must be genuine." Hairston continues: "Regardless of [her] plat's official status, it is simply more persuasive and therefore more conclusive than [O'Neill's] evidence."

Hairston's arguments lack merit and illustrate why the trial court's grant of summary judgment to her was improper. First, it was Hairston's burden, as the party seeking summary judgment, to "produc[e] evidence of the 'necessary certitude' to show that no genuine issue of fact remains," *Sherman v. Thomas-Lane American Legion Post 597*, 330 Ga. App. 618, 622 (3) (768 SE2d 797) (2015), and, as the plaintiff, to demonstrate "the absence or non-existence of any defense raised by the defendant." *905 Bernina Avenue Coop.*, 342 Ga. App. at 361 (1). Second, there is no presumption of correctness associated with Hairston's unofficial survey, which is admissible only for whatever weight the trier of fact ultimately attaches to it. See

*Durden*, 201 Ga. at 782 (1); *Clark*, 239 Ga. App. at 70. Finally, the evidence must be construed in the light most favorable to O'Neill, as the nonmovant. *905 Bernina Avenue Coop.*, 342 Ga. App. at 361 (1). So viewed, the record contains conflicting evidence produced by each party demonstrating that a genuine issue of material fact exists as to the location of the boundary line between their properties,[4] and Hairston's argument that her plat is "more persuasive" and "more conclusive" than O'Neill's evidence is a question that must be decided by a factfinder, not by a trial court on summary judgment. See *Gibson v. Rustin*, 297 Ga. App. 169, 174 (3) (676 SE2d 799) (2009) ("Disputed lines between adverse claimants of land . . . are peculiarly questions of fact for the factfinder.").

In particular, O'Neill countered Hairston's unofficial survey with (a) deposition testimony and an affidavit stating that her fence is not located on Hairston's property, (b) photographs potentially indicating that her fence does not encroach on Hairston's property, and (c) at least one survey potentially indicating "differences" from the May 2019 survey relied on by Hairston. Evidence of a purportedly different boundary line than that drawn on the May 2019 survey is some evidence from which a rational trier

---

[4] Hairston claims that O'Neill's position with respect to the material facts is not "genuine," but she elaborates no argument in support of that conclusory and arguably nonsensical assertion.

of fact could find that Hairston's survey is incorrect. See *Gibson*, 297 Ga. App. at 174 (3) ("The question of the meaning of [an] iron pole [alleged to be a property marker] was for the trier of fact.") (citation and punctuation omitted); *Railey v. Heath*, 92 Ga. App. 123, 124 (88 SE2d 194) (1955) (finding evidence that "iron-pin corners were at each end of a boundary line" was "some evidence that the line originally lay in a straight line between them"); see also generally *King*, 250 Ga. at 887-888.

Notwithstanding Hairston's arguments, the evidence presented to the trial court shows genuine issues of material fact regarding the location of the boundary line between the adjoining property owners and whether the fence erected by O'Neill extends onto Hairston's property. The trial court, therefore, erred in granting Hairston's motion for partial summary judgment and not submitting these disputed issues to a jury. See generally *Clark*, 239 Ga. App. at 71-74 (2). We therefore must reverse.

*Judgment reversed. Doyle, P. J., and Reese, J., concur*.

9