NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 3, 2026

S25D0723, S25A0986.  NBCUNIVERSAL MEDIA, LLC v. WALKER et al.

MCMILLIAN, Justice.

After NBCUniversal Media, LLC ("NBCU") failed to timely answer a summons of continuing garnishment, a default judgment in excess of $500,000 was entered against it even though NBCU asserts that if it had timely answered or had tried to open the default sooner, it would have owed less than $1,000. NBCU tried to set aside the default judgment under OCGA § 9-11-60(d)(3), raising both facial and as-applied constitutional challenges to Georgia's continuing garnishment default statute, OCGA § 18-4-43(a),[1] under

---

[1] This statute provides that,

[w]hen a garnishee fails or refuses to file a garnishee answer at least once every 45 days, such garnishee shall automatically be in default. The default may be opened as provided in Code Section 18-4-21. If the case is still in default after the expiration of the period

the due process clauses of the federal and Georgia constitutions and the Georgia Constitution's Excessive Fines Clause. In response, the garnishor, Hevekiah Walker, argued that NBCU cannot show that a nonamendable defect appears on the face of the record or pleadings, see OCGA § 9-11-60(d)(3), and that the garnishment default statute does not violate these constitutional provisions. After the trial court denied the motion in a summary order, NBCU filed a discretionary application in this Court, which was granted.

"It is incumbent upon this Court to inquire into its own jurisdiction." *Jenkins v. State*, 284 Ga. 642, 642 (2008) (citations and punctuation omitted). This case is before us pursuant to our exclusive appellate jurisdiction of "all cases in which the constitutionality of a law … has been drawn in question." Ga. Const. 1983, Art. VI, Sec. VI, Par. II(1). For a constitutional question to fall

---

of 15 days, judgment by default may be entered at any time thereafter against such garnishee for the amount remaining due on the judgment obtained against the defendant as shown in the plaintiff's affidavit of continuing garnishment.

OCGA § 18-4-43(a).

within the jurisdiction of this Court, such an issue must also be raised before the trial court, distinctly ruled upon by that court, and enumerated as error on appeal. See *Barzey v. City of Cuthbert*, 295 Ga. 641, 643 (2014). We have held that the distinct ruling requirement may be met by necessary implication, including by summary ruling that necessarily must have passed on the constitutional question raised in order to reach the ruling. See *Wilkes & McHugh, P.A. v. LTC Consulting, L.P.*, 306 Ga. 252, 256–57 (2019) (concluding that the Court of Appeals properly transferred the case to this Court based on plaintiffs' constitutional challenge, "which the trial court implicitly rejected in denying the defendants' motion"); *Rouse v. Dep't of Nat. Res.*, 271 Ga. 726, 728 (1999) (jurisdiction was proper in this Court despite lack of explicit trial court ruling on constitutional challenges to statute where "the trial court must necessarily have rejected each of those issues to affirm the administrative decision").

Here, the trial court's summary order does not distinctly or necessarily rule on the constitutional challenges because it is

possible that the trial court denied the motion to set aside based on Walker's argument that NBCU has failed to show a nonamendable defect which appears on the face of the record or pleadings as required by OCGA § 9-11-60(d)(3). In fact, Walker specifically argued at the hearing on the motion that the trial court did not need to reach the novel constitutional questions by resolving the motion based on the statutory issue.

As a distinct ruling on a properly raised constitutional issue is a requirement for invoking this Court's jurisdiction, and seeing no other basis for our jurisdiction, we conclude that this Court lacked jurisdiction to grant NBCU's discretionary application in Case No. S25D0723. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (2008) ("When the appellate record fails to show that the trial court ruled on the constitutional question, this Court is without jurisdiction of an appeal in which this Court's exclusive appellate jurisdiction of constitutional issues is invoked, and the appeal is transferred to the Court of Appeals."). Accordingly, we vacate the grant of the discretionary application in Case No. S25D0723,

4

transfer the application to the Court of Appeals, and dismiss this

appeal. See id.

*Prior judgment granting application vacated and application transferred in Case No. S25D0723. Appeal dismissed in Case No. S25A0986. All the Justices concur.*

PETERSON, Chief Justice, concurring.

I join the opinion of the Court in full. I write separately to explain what the current version of the garnishment default judgment statute allows, and why the General Assembly should consider amending the statute.

A frivolous lawsuit is filed against a judgment-proof defendant who doesn't bother to respond; the defendant's failure to respond results in a default judgment for tens or hundreds of millions of dollars. That judgment, of course, is not worth even the paper it's printed on as to the assetless defendant against whom it was rendered. But the plaintiff can then send out hundreds or even thousands of garnishments to large companies with lots of assets (and no connection to the defendant) in hopes that one of them makes a simple mistake and drops the ball on responding. The plaintiff has now manufactured an eight- or nine-figure windfall from the deep pockets of a company whose only fault was a failure to return paperwork timely.

If this all seems a bit overdramatic, this isn't just a

hypothetical. The Attorney General gave this precise warning in an amicus brief in a similar case here last year involving a tardy garnishee with zero assets of the defendant and nevertheless hit with a $20 million default judgment. Amicus Brief of Attorney General at 25–28, *RBC Global Asset Mgmt. (U.S.), Inc. v. Lattimore*, 320 Ga. 77 (2024). The Attorney General acknowledged that using the garnishment default judgment statute to "entrap unwary third parties" rather than to simply locate a judgment debtor's funds "would raise a host of ethical, as well as constitutional questions." Id. at 10. Even so, we resolved that case on the merits of the statutory arguments presented, so we did not reach the merits of the constitutional challenges. See *RBC Global Asset Mgmt.*, 320 Ga. at 79 n.3. Similarly, here, we are unable to reach the constitutional arguments presented by NBCU. So we have now at least twice failed to reach very serious constitutional arguments against certain applications of the garnishment default judgment statute. See id.

I agree with the Attorney General: the garnishment default judgment statute is on questionable constitutional footing, at least

7

as to the Excessive Fines Clause of the Georgia Constitution. See Ga. Const. of 1983, Art. I, Sec. I., Par. XVII. Our inability to reach the merits of the constitutional issues should not be understood as discounting their seriousness. And it appears that the problematic applications of the garnishment default judgment statute may be increasing.[2]

We will have to decide the constitutional questions eventually, unless the General Assembly revises the statute to place some meaningful cap on the amount of possible default judgments relative to the judgment debtor's assets held by the defaulting party. It is appropriate to impose a penalty on the failure to respond timely to a garnishment; the problem is not the existence of a penalty, but the immense potential magnitude of the penalty the statute currently

---

[2] This Court has recently denied applications for interlocutory or discretionary appeal in at least two cases involving garnishment default judgments. See *Reedy Branch Lodge, Inc. v. Nutrien AG Solutions, Inc.*, Case No. S23D1114 (Aug. 4, 2023) (denying application for discretionary appeal from trial court order denying a motion to set aside a $500,000 garnishment default judgment); *Cheston-Thornton v. Allstate Financial Services, LLC*, Case No. S21I0278 (Oct. 29, 2020) (denying application for interlocutory appeal from trial court order granting motion to set aside a $1 billion garnishment default judgment).

imposes. The General Assembly should seriously consider addressing it.

I am authorized to state that Presiding Justice Warren and Justice Bethel, Justice LaGrua, and Justice Colvin join in this concurrence.