24208

Shirley McMAKIN, Respondent v.
BRUCE HOSPITAL SYSTEM, Petitioner.

(455 S.E. (2d) 693)

Supreme Court

---

*John S. Wilkerson, III* and *Michael C. Abbott,* both of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for petitioner.*

*Gordon B. Jenkinson,* of *Jenkinson & Jenkinson,* Kingstree, *for respondent.*

Heard Jan. 3, 1995.

Decided Feb. 27, 1995.

MOORE, Justice:

This case is before us on a writ of certiorari to review a pre-trial discovery order issued by the circuit court. We affirm.

### FACTS

Respondent (McMakin) commenced this action against petitioner (Hospital) alleging she was injured as a result of Hospital's negligence. Her complaint states the following facts.

On December 20, 1991, McMakin was admitted to Bruce Hall for treatment of her addition to prescription drugs. She was assigned to a room that shared a bathroom with the adjoining room. One day, upon discovering the bathroom door locked, McMakin went to the adjoining room, knocked, and entered. She saw the room's occupant engaged in sexual relations with another patient and immediately closed the door. McMakin knew it was against Hospital's rules for patients to engage in sexual relations and immediate discharge was the penalty imposed. That night McMakin heard footsteps hesitate outside her door and she became frightened.

Consequently, McMakin decided to confide in one of the nurses what she had observed. The nurse assured McMakin her identity would remain confidential. Nevertheless, during a community meeting of staff and patients held shortly thereafter, McMakin was pressured to disclose that she was the one who had reported the incident. When McMakin left the meeting room, the female patient she had reported ran after her and assaulted her in the hallway. McMakin suffered physical and mental harm and, since she no longer felt safe at Bruce Hall, she was discharged immediately.

McMakin's complaint alleges, among other things, that Hospital's staff was negligent in pressuring her at the community meeting to divulge her identity as the informant. McMakin sought discovery from Hospital to obtain the names, addresses, and telephone numbers of her fellow patients who were at the community meeting. Hospital resisted discovery on the ground the patients' identities were confidential under State and federal law and could not be disclosed.

On motion to compel discovery, the trial judge ruled the patients' identities were subject to disclosure. He conditioned disclosure on notice being given to the patients by Hospital mailing each a copy of the order providing thirty days to seek a hearing on the issue of disclosure. If a patient did not re-

spond or if the trial judge determined disclosure was proper over a patient's objection, the patient's name, address, and telephone number would be disclosed to McMakin's attorney. Hospital sought review by this Court.

## ISSUES

1. Is disclosure proper under State law?
2. Does the procedure for disclosure used in this case comply with federal notice requirements?

## DISCUSSION

Under State law, disclosure is governed by S.C. Code Ann. § 44-22-100 (Supp. 1993), which provides in pertinent part:

> (A) Certificates, applications, records, and reports . . . directly or indirectly or identifying a mentally ill or alcohol and drug abuse patient or former patient . . . must be kept confidential and must not be disclosed unless:
>
> \*　　\*　　\*　　\*　　\*
>
> (2) a court directs that disclosure is necessary for the conduct of proceedings before it and that failure to make the disclosure is contrary to the public interest. . . .

This Code section further provides:

> (B) Nothing in this section:
>
> \*　　\*　　\*　　\*　　\*
>
> (2) requires the release of records of which disclosure is prohibited or regulated by federal law.

Under § 44-22-100(B), we first look to federal law[1] to determine whether disclosure is prohibited. If disclosure is not prohibited under federal law, State law may apply to prohibit disclosure.

Under 42 U.S.C. § 290dd-2, identifying information regarding patients treated for drug abuse may be disclosed:

> (b)(2)(C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a sub-

---

[1] Federal law applies if an institution receives federal assistance. 42 U.S.C. § 290dd-2 (Supp. 1994). The parties concede federal law applies in the case.

stantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. . . .

Further, 42 C.F.R. § 2.64(d) (1993) requires "good cause" for disclosure be supported by findings that:

> (1) Other ways of obtaining the information are not available or would not be effective; and
> (2)The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

The trial judge specifically found these factors were met in this case and that disclosure was proper under federal law. Since Hospital does not contest these findings, the narrow question before us is whether disclosure should be prohibited under State law.

Section 44-22-100(A)(2) allows disclosure if (1) it is necessary for court proceedings and (2) it is in the public interest. Hospital contends there is no evidentiary basis for a finding that disclosure is necessary. It points to the fact that McMakin gave a written statement which includes the names and phone numbers of three patients, one of whom has already given a statement supporting McMakin's version of events, i.e., that McMakin was pressured to confess at the community meeting. Hospital also points to the fact that staff members who were present have been deposed.

In resolving this issue, we first note the statute provides for a court[2] to order disclosure when it is "necessary to the conduct of proceedings before it." This language indicates disclosure must be necessary to the truth-finding function of the court. Necessity does not hinge on whether the information is shown to be helpful to the party seeking disclosure; rather the inquiry is whether disclosure is the only means of obtaining information relevant to the proceeding before the court.

---

[2] Under § 44-22-10, "court" is defined for purpose of this chapter as meaning "probate court." Read as a whole, however, the statutes in this chapter regulating disclosure are not limited to proceedings in probate court. *See e.g.,* § 44-22-90 (using the term court" in the context of "a civil proceeding").

It is uncontested these patients witnessed an event that is the subject of the litigation in this case. We find this fact alone is sufficient to establish disclosure is necessary to the conduct of proceedings before the court since we cannot presume all witnesses to the event would in fact testify to the same thing.

Hospital further contends there is no evidentiary basis to conclude the failure to disclose is contrary to the public interest as required under the second prong of § 44-22-100. It contends the greater public interest is in keeping such information confidential. We disagree.

The only information sought in this case is identification of the patients in question and not their medical records or any confidential communications. The proposed intrusion into their privacy is therefore relatively slight and is conditioned on the patients' right to raise specific objections before disclosure. In these circumstances, we find the public interest in a judicial system functioning with full discovery powers outweighs the public interest in preventing the limited disclosure of these patients' identities.

Finally, Hospital contends the procedure for disclosure in this case does not comply with federal notice requirements. We find the trial judge's order substantially complies with 42 C.F.R. § 2.64(b)[3] since it provides notice to the patients and the opportunity to object *before* disclosure will occur. *Cf. Hartview Foundation v. Glaser,* 361 N.W. (2d) 232 (N.D. 1985) (procedure improper where patients received *no* notice before disclosure of their names was to occur).

Affirmed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[3] Under 42 C.F.R. § 2.64, the following notice provisions must be met:

(b) *Notice.* The patient and the person holding the records from whom disclosure is sought must be given:
(1) Adequate notice in a manner which will not disclose patient identifying information to other persons; and
(2) An opportunity to file a written response to the application [for disclosure], or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order.