**SECOND DIVISION
MILLER, P. J.,
RICKMAN and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 12, 2020**

# In the Court of Appeals of Georgia

A19A2159. COTO et al. v. TRUSTEES OF BRIDGES OF HOPE
    CHARITABLE TRUST et al.

COOMER, Judge.

In this wrongful death appeal, Michael A. Coto, individually, and Tammy Coto, individually and as the executor of the estate of Michael C. Coto, ("Appellants") challenge the trial court's denial of their motion to authorize the substance abuse treatment facility where their son, Michael C. Coto, died to disclose confidential information concerning certain residents of the facility. Appellants argue that the trial court erred by denying their motion (i) on the basis that good cause had not been shown for the disclosures, (ii) on the basis that they failed to give notice to the patient-residents whose information they were seeking, and (iii) without conducting

an in camera review of the records. Because Appellants failed to provide the requisite notice to the patient-residents, we affirm.

The record shows that in February 2016, Michael C. Coto was admitted to a residential substance abuse treatment facility operated by Bridges of Hope Charitable Trust ("BOH"). He died at the facility two days later in a room that he shared with at least one other resident. An autopsy revealed that he died as a result of the toxic effects of multiple drugs in his system.

The following year, Michael's parents filed a civil action seeking recovery for their son's death. During discovery, counsel for Appellants told opposing counsel he wanted to depose three non-party witnesses who Appellants believed had been residents of BOH and interacted with Michael or Appellants before Michael's death.[1] In response, counsel for BOH stated: "With respect to the three residents you want to depose, we do not represent them and cannot accept a subpoena on their respective behalf. We also cannot give you contact information willingly because that would fall

---

[1] At oral argument in this Court, counsel clarified that Appellants only had the first name of two people, and both the first and last name of one other individual who they believed were residents of BOH at the time of Michael's death that they wanted to depose. They conveyed their desire to depose these individuals to opposing counsel identifying them based only on those names.

2

under the restrictions against disclosure at 42 CFR Part 2 and we have no consent to disclose any information. You will need to obtain an order."

Appellants then filed a motion to authorize disclosure of protected patient information. In the motion, Appellants asked the trial court to authorize release of (1) the residents' last-known contact information, (2) information concerning those residents' treatment, residency, or work at BOH during the period of time while Michael was a resident there, and (3) information concerning any actions taken, or statements given, by those residents with respect to Michael's death at BOH or any subsequent investigations.[2]

The trial court denied the motion on the grounds that the plaintiffs had not shown good cause for the requested disclosures and that no notice of the requests had been provided to the non-party residents. We subsequently granted Appellants' discretionary application for appeal.

1. Appellants argue that the trial court erred in denying the disclosure motion

---

[2] At a hearing on the motion, Appellants modified their request and sought such information and documents with respect to all BOH residents known or believed by the BOH to have interacted with Michael or Appellants at any time.

3

on the basis that they failed to provide notice to the patient-residents whose records they were seeking. Specifically, they argue that because BOH objected to written discovery and deposition questions that would elicit the names or contact information of any non-party residents who may have interacted with Appellants and their son, BOH made it impossible for them to contact the residents themselves. Therefore, BOH should be estopped from "taking advantage" of the lack of notice to the patient-residents by Appellants. Appellants also argue that lack of notice is not a proper basis to deny the motion outright, and we should remand so that notice can be provided. We disagree with both contentions.

> a. Federal law restricts the disclosure of information obtained "in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation or research" conducted by the United States or with federal money. 42 USC § 290dd-2. Disclosure is permitted with patient consent, 42 USC § 290dd-2(b)(1), or "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm," *id.* § 290dd-2(b)(2)(C).

*United States ex rel. Chandler v. Cook County, Illinois*, 277 F3d 969, 982 (III) (B) (7th Cir. 2002).[3]

In order for a court to issue an order authorizing disclosure, 42 CFR § 2.64 (b) first requires that notice be provided to the patient and the person holding the records from whom disclosure is sought. It is undisputed here that notice was not provided to the patients.

Appellants estoppel argument — that BOH essentially prevented them from complying with the notice requirement by not disclosing the information during discovery — is misplaced. In the absence of patient consent or a court order, BOH was prevented by law from disclosing confidential information about their patients. See 42 CFR § 2.61 (a) (The "purpose [of a disclosure order] is to *authorize* a disclosure or use of patient information which would otherwise be prohibited by 42 USC 290dd-2[.]" (emphasis supplied)). Moreover, even with an order, BOH would not have been required to disclose the information to Appellants. See id. ("Such an order does not compel disclosure. A subpoena or a similar legal mandate must be issued in order to compel disclosure.").

---

[3] Neither party disputes that this federal statutory scheme applies.

Because Appellants did not comply with the notice requirement for obtaining a disclosure order, and BOH was under no obligation to otherwise disclose the information, the trial court did not err in denying the motion on that basis. See *Hicks v. Talbott Recovery System, Inc.*, 196 F3d 1226, 1242, n. 32 (II) (B) (11th Cir. 1999) ("These stringent federal regulations include application for disclosure [along with] . . . adequate notice to the patient[.]"). See also *Foster v. Swinney*, 263 Ga. App. 510, 511 (588 SE2d 307) (2003) ("Georgia's public policy is to maintain the confidentiality of medical records, including drug treatment records[.]").

b. Appellants argue that none of the three cases cited by the trial court stand for the proposition that a lack of notice to patients or residents can be grounds to deny a disclosure motion outright. We disagree with the Appellants' characterization of the authorities cited by the trial court.

In *United States v. Crawford*, No. 98CV743, 97CV1033, 1999 WL 33921851 (N.D. Ohio Feb. 4, 1999), the Northern District of Ohio issued a limiting order directed at documents already in the plaintiff's possession. In discussing drug treatment records held by the facility, the court held that

> [i]t does not appear that the treating facility is even aware of the request. Consequently, due to the posture of this case, this Order applies only to

6

those records that are in plaintiff's possession. This order does not apply and is not—indeed, cannot be—directed to the treating facility. Until an appropriate application has been made and the treating facility has been given an opportunity to be heard on the question, this Court is without authority to require the facility to produce to defendants the treatment records of plaintiff Doe.

Id. at *5

Thus, it is clear that the District Court would not have issued a disclosure order to the facility unless and until the facility had notice and an opportunity to be heard.

The trial court also relied on *McMakin v. Bruce Hosp. System*, 455 SE2d 693 (S.C. 1995), and *Chandler.* In *Chandler*, the original notice to the patients was inadequate because it only informed them that redacted copies of their records would be disclosed. It did not inform them that un-redacted copies would also potentially be disclosed. *Chandler*, 277 F3d at 982 (III) (B). The court remanded the case, in part to provide "new notice" to the patients. Id. at 983 (III) (B). *Chandler* does not stand for the idea that a trial court may not deny a disclosure motion where the applicant wholly fails to comply with the mandate of 42 CFR § 2.64 (b) requiring notice be given to the patients.

Finally, in *McMakin*, the Supreme Court of South Carolina held that the notice requirements of 42 CFR § 2.64 (b) were satisfied where the trial court's order "*conditioned disclosure on notice being given to the patients* by [the] Hospital mailing each a copy of the order providing thirty days to seek a hearing on the issue of disclosure." *McMakin*, 455 SE2d at 694 (emphasis supplied). In *McMakin*, the Supreme Court of South Carolina merely approved the procedure employed by the trial court of only issuing the disclosure order upon notice being provided to the patients. *McMakin* does not suggest that a trial court *must* use that procedure or that the trial court in that case would not have been authorized to outright deny the motion.

To reiterate, nothing in these citations leads us to conclude that a trial court is without authority to deny a disclosure motion where the applicant has not complied at all with the notice requirement of 42 CFR § 2.64 (b). Appellants have cited no other authority to support their position, and because they did not comply with the strict federal statutory procedure for obtaining confidential information, the trial court did not err in denying their motion.

2. Our holding in Division 1 renders Appellants' remaining enumerations of

error moot.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*